## 38503. MAGNOLIA WAREHOUSES OF ALABAMA et al. v. MORTON REALTY COMPANY.

CARLISLE, Judge. 1. Where the lease contract under which the defendant held for a term of four years certain warehouse premises provided that, "lessee agrees, at his own expense, to promptly comply with all requirements of any legally constituted public authority made necessary by reason of lessee's occupancy of said premises. Lessor agrees to promptly comply with any such requirements if not made necessary by reason of lessee's occupancy"; and, where the lease further provided in this connection that where the cost of complying with any such requirements exceeds the sum of one year's rent the party required by these terms to incur such expense might at its option give notice and terminate the lease, such terms rendered the requirement of compliance in the case where the cost of such compliance was less than one year's rent absolute, and the failure of the party required by such order to comply with such requirements would constitute a breach of the lease contract.

2. Where during the term of a tenant's occupancy under a lease of premises containing the provisions above indicated the evidence showed that the municipal authorities notified both

the landlord and the tenant that it would be necessary to have placed on elevator doors appurtenant to the freight elevator in the leased warehouse building electrical locks in order to comply with an existing municipal ordinance relating to safety devices on elevators, the performance of such alterations fell upon the landlord under the terms of the lease contract. The failure of the landlord to make such alterations or to begin them within the time limited by the notice given by the municipal authorities, as shown by one facet of the evidence, when coupled with the threatened padlocking of the elevators so as to prevent the tenant from using them where their use was essential to the use of the premises by the tenant, constituted a constructive eviction and authorized the tenant to vacate the premises and to refuse to pay rent after such premises were vacated. *Kanes v. Koutras,* 203 Ga. 570 (47 S. E. 2d 558) ; *Midtown Chain Hotels Co. v. Bender,* 77 Ga. App. 723 (49 S. E. 2d 779).

3. A jury would have been authorized to find under the evidence that the tenant had vacated the premises prior to February 1, 1960, under circumstances indicated in the preceding headnote, and at a time when the landlord had failed to take steps to comply with the order of the city and the evidence with regard to the subletting of a portion of the premises, to wit, the parking lot adjoining the leased building, did not demand a finding that such subletting in any way interfered with the plaintiff landlord's securing possession of the entire premises after the defendant tenant had vacated them, since there was evidence that the subletting was merely an informal parol agreement between the defendant and the sublessee and that the sublessee had recognized the fact that its rights thereunder had terminated by offering to lease directly from the lessor and pay directly to the lessor the rental on this parking lot. Under these circumstances, the trial court erred in directing a verdict for the plaintiff on the theory that the defendant had failed to vacate the premises and deliver full possession and control thereof to the plaintiff.

*Judgment reversed. Townsend, P. J., Frankum and Jordan, JJ., concur.*

DECIDED NOVEMBER 3, 1960—REHEARING DENIED NOVEMBER 16, 1960.

*John E. Feagin,* for plaintiffs in error.
*Charles W. Bergman, G. Seals Aiken,* contra.