## 39297. MORTON REALTY COMPANY v. MAGNOLIA WAREHOUSES et al.

HALL, Judge. 1. On the former appeal of this case, *Magnolia Warehouses of Alabama v. Morton Realty Co.*, 102 Ga. App. 697 (117 SE2d 552), it was held that facts in evidence "constituted a constructive eviction and authorized the tenant to vacate the premises and to refuse to pay rent after such premises were vacated." We find the evidence adduced at

the second trial substantially in accord with that before this court on the former appeal. Therefore, the law of this case is that the evidence shows a constructive eviction. *Cantrell v. Byars*, 72 Ga. App. 549, 551 (34 SE2d 568).

On the question whether the tenant had abandoned the premises, we find some additional evidence in the present appeal on two points. With respect to the tenant's subleasing of the parking lot adjacent to the warehouse building, the evidence shows that the tenant rented a lot adjacent to the warehouse building to a subtenant on the condition that the subtenant would vacate the lot if the tenant needed it; the subtenant in turn rented parking spaces to others. The subtenant paid rent on the 10th of each month for the monthly period that would end on the 10th of the following month. The subtenant paid rent to the tenant for the period January 10 to February 10. There was evidence from which the jury could have found that the subtenant got in touch with the landlord's representative around February 1 regarding rental of the parking lot, and that the landlord's representative told him that the landlord could not accept any rent and suggested that he go ahead and collect his parking rent and hold it, and that he send the payment for the period February 10 to March 10 to the tenant; that the subtenant did send the February monthly payment to the tenant, and the tenant returned the payment with a letter advising him that they no longer occupied the building and could not accept rental. The tenant did not specifically ask the subtenant to get off the property nor did the tenant refund any of the January 10—February 10 rental payment. The subtenant continued to collect parking rental and cars continued to park on the lot in February and thereafter.

The evidence in the second case would authorize a finding that right after the tenant completed moving, about January 21, they turned a key to the warehouse over to their counsel, and the tenant's counsel then notified the landlord's counsel that the tenant had moved and that he had the key. Thereafter tenant's counsel received a letter from the landlord's counsel making demand for February rent. Later tenant's counsel turned the key over to someone who picked it up from his office on behalf of the landlord. The tenant mailed another key to the landlord's rental agent on February 18.

We do not agree with the landlord's contentions that it could not obtain possession of the parking lot without two months notice being given to the subtenant, or that retention of the key by the tenant amounted to occupancy or possession of the premises.

Paragraph 15 of the lease contract between plaintiff and defendant specifically prohibits subleasing of any part of the premises without the landlord's consent to any party whose operation is not "a part of the general operation of Lessee and under the supervision and control of Lessee." The subtenant then was "a mere intruder subject to be summarily ousted by the landlord." *Bass v. West*, 110 Ga. 698, 705 (36 SE 244).

Nor was the physical delivery of the key to the landlord essential to the surrender of the premises. *Warnock v. Soperton Motor Co.*, 77 Ga. App. 16, 21 (47 SE2d 753).

In Division 3 of the former decision, 102 Ga. App. 697, supra, this court held, "A jury would have been authorized to find under the evidence that the tenant had vacated the premises prior to February 1, 1960, . ." The evidence in the present case is substantially the same in this respect. There was again evidence "that the subletting was merely an informal parol agreement between the defendant and the sublessee and that the sublessee had recognized the fact that its rights thereunder had terminated by offering to lease directly from the lessor and pay directly to the lessor the rental on this parking lot. . ." The evidence, including that concerning the sublease and the key that was not in the case on the first trial, authorized a finding that the subletting did not in any way interfere ". . . with the plaintiff landlord's securing possession of the entire premises after the defendant tenant had vacated them." The verdict for the defendant was authorized.

The trial court therefore did not err in denying the plaintiff's motion for new trial on the general grounds and special grounds 11 and 12.

2. Special grounds 1 and 2 complain of the admission of evidence over certain objections, but plaintiff has not argued these objections in its brief. These grounds are therefore treated as abandoned. *Lumbermen's Underwriting Alliance v. Jessup*, 100 Ga. App. 518, 533 (112 SE2d 337).

3. We agree with the law argued by the plaintiff in grounds 3 and 9, that it is error for the court to charge its opinion of the evidence or to give a charge not warranted by the evidence when a party is thereby prejudiced. The plaintiff contends that statements made by the court concerning particular points in evidence, during the trial and in its charge, violated these rules. Whether the court's language was precisely accurate or not, it was consistent with the evidence as a whole and was not harmful to the plaintiff. These grounds do not show error.

4. In view of this court's previous decision in this case, supra, and of the evidence at the second trial, grounds 4, 7, 8, and 10 show no harmful error.

*Judgment affirmed. Felton, C. J., concurs. Bell, J., concurs in the judgment.*

DECIDED MARCH 12, 1962.

*Chas. W. Bergman,* for plaintiff in error.
*John E. Feagin,* contra.

