## 22087. CROMER v. CROMER et al.

CANDLER, Justice. This litigation involves the estate of Frederick C. Cromer, deceased. The parties are his heirs at law. It was instituted to settle a controversy between the plaintiff and some of the defendants to a specified portion of the intestate's estate, namely, $47,000. The plaintiff (James A. Cromer) moved for a summary judgment and later tendered an affidavit in support of his motion. His affidavit was rejected and his motion was denied. Grace E. Cromer, Ernest H. Cromer, Josephine Cromer and Mrs. T. M. Fellers, four of the defendants, filed motions for summary judgments in their favor. Evidence offered by them in support of their motions was allowed and their motions were granted. The plaintiff by direct bill of exceptions excepted to the rejection of the affidavit he offered in support of his motion, to the denial of his motion for summary judgment and to the granting of summary judgments in favor of Grace E. Cromer and the other three moving defendants. Grace E. Cromer, one of the defendants in error, has filed a motion to dismiss the bill of exceptions on the

ground that it presents no question which can be determined by this court without a consideration of the evidence and that the evidence has not been properly brought to this court since it is not embodied in the bill of exceptions or attached thereto as a duly and properly identified exhibit or embodied in an approved brief of the evidence and by order of the court made a part of the record.

The plaintiff in error responded to the motion to dismiss the bill of exceptions and by his response thereto contended that he was entitled to summary judgment as a matter of law for the reasons alleged in his motion therefor, but he did not deny those allegations of the motion to dismiss the bill of exceptions respecting his failure to bring up the evidence in either of the ways therein alleged or that a consideration of the evidence by this court was not necessary in its determination of some of the questions presented for review. *Held:*

1. Section 8 of the Summary Judgments Act of 1959 (Ga. L. 1959, pp. 234, 236; *Code Ann.* § 110-1208) declares that an order denying summary judgment on any issue or as to any party is not reviewable. Hence, the assignments of error in the bill of exceptions which relate to the denial of the plaintiff's motion for summary judgment present no question which this court can decide.

2. The unanimous holdings of this court in *Attaway v. Duncan,* 206 Ga. 230 (1) (56 SE2d 269), and *Barringer v. Porter,* 211 Ga. 20 (83 SE2d 603) require a holding in this case that none of the evidence which the trial judge heard when he sustained the defendants' motions for summary judgment has been brought to this court in the manner and way provided by law and the record unquestionably shows that such judgments were based on a consideration of both the pleadings and the evidence. This being true, we will assume that the order granting summary judgments in favor of the defendants are correct and affirm them. See *Cornett v. Justice,* 209 Ga. 375 (72 SE2d 724) where it was held that the burden is on him who asserts error to show it affirmatively by the record.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 9, 1963—DECIDED JULY 12, 1963—
REHEARING DENIED JULY 23, 1963.

208

*Endicott & Endicott, Lucian J. Endicott, Mary C. Endicott,* for plaintiff in error.

*Sheats, Parker & Webb, A. Tate Conyers, Paul Webb, Jr., Ferrin Y. Mathews, Robert Carpenter,* contra.