## 40097. DENNARD v. STYLES.

BELL, Presiding Judge. This is the third appearance before this court of this action for damages for personal injuries. On the first appearance, on appeal from the trial court's denial of plaintiff's motion for new trial following a jury verdict for defendant, it was held that the evidence demanded a verdict against the defendant Dennard and that the trial court erred in overruling plaintiff's motion for new trial on the general grounds. *Styles v. Dennard,* 97 Ga. App. 635 (104 SE2d 258). On the second appearance this court affirmed the trial court's grant of a new trial on the general grounds following a jury verdict for defendant, on the basis of substantially the same evidence as that introduced on the former trial. *Dennard v. Styles,* 101 Ga. App. 459 (114 SE2d 317). Thereafter, plaintiff filed a motion for summary judgment, filing an affidavit setting forth how the collision occurred and tendering in evidence the briefs of the evidence from the two previous trials. The defendant did not file affidavits or produce any additional evidence. Defendant has brought this appeal from the trial judge's order granting summary judgment as to defendant's liability and ordering the case to proceed to trial on the sole question of the amount of damages to be recovered by the plaintiff. Defendant contends: that the court should reverse its earlier decisions in this case; that, even if correct, the earlier decisions dealt solely with the question of agency; and that there was no earlier ruling on the alleged negligence of defendant's agent and a material issue of fact remains unresolved. *Held:*

Defendant has introduced no evidence and offered no argument which persuade this court that the earlier opinions in this case should be overruled, although he had an opportunity to do so in these summary judgment proceedings. But even if we were to expressly overrule the two previous decisions, it would avail this defendant nothing. As between these parties, the decisions stand as the law of the case and are binding on them even though the court should here refute the principles previously held. *Lankford v. Milhollin,* 201 Ga. 594 (4) (40 SE2d 376).

In addition, there is no merit in the contention that agency was the only issue before the court on the two previous appeals. In the first of these, the ruling was based on the general

grounds. Therefore, it was a holding in the case when Judge Townsend stated for the court that, "Other evidence shows that the collision was due entirely to the negligence of the driver, Thomas, and that the plaintiff was seriously injured." The opinion held that the driver was the agent of the defendant, Dennard, and that "the verdict was demanded . . . for the plaintiff against the defendant Dennard." *Styles v. Dennard,* 97 Ga. App. 635, 639, 642, supra, certiorari denied. (Note that Judges Carlisle, Quillian and Nichols concurred; Chief Judge Felton and Presiding Judge Gardner dissented only as to the agency issue.)

On the second appearance of the case, the court described the evidence as being substantially the same as on the former appeal. *Dennard v. Styles,* 101 Ga. App. 459 (1), supra. There being no substantial difference in the evidence, it follows that the ruling by the court upon the evidence in the first case, whether right or wrong, became the law of the case. *Jackson v. Jackson,* 209 Ga. 85, 88 (70 SE2d 592).

Where it is established as the law of the case that the evidence introduced at the trial of all material issues demands a verdict for the plaintiff and the plaintiff then makes a motion for summary judgment based on the premise that under such evidence no genuine issue exists and that no other evidence will be presented on another trial, and the defendant fails to take advantage of his opportunity to show that other evidence would be introduced on another trial, the plaintiff is entitled to a summary judgment. *Hamby v. Hamby,* 107 Ga. App. 255 (129 SE2d 561); and *Scales v. Peevy,* 103 Ga. App. 42 (118 SE2d 193).

The only remaining issue for the jury to decide is the amount of damages.

*Judgment affirmed. Hall and Pannell, JJ., concur.*

DECIDED OCTOBER 9, 1963.

*Reuben A. Garland,* for plaintiff in error.

*Merritt & Pruitt, Glyndon C. Pruitt, Walter B. Fincher,* contra.