23501. CROMER v. CROMER et al.

SUBMITTED JUNE 14, 1966—DECIDED JULY 7, 1966—
REHEARING DENIED JULY 21, 1966.

*Endicott & Endicott, Lucian J. Endicott,* for appellant.

*Paul Webb, Jr., Webb, Parker & Ferguson, John Tye Ferguson,* for appellees.

MOBLEY, Justice. The appeal in this case is from the judgment of the trial court of December 13, 1965, upon a hearing before the trial judge. of a petition for a final accounting and distribution of the estate of F. J. Cromer, intestate. The appellant is James A. Cromer, an heir of the decedent. The co-administrators of the estate, Miss Grace E. Cromer and Mr. Ernest H. Cromer, who filed the petition for accounting are the appellees. All questions of fact and law were submitted to the trial judge upon agreement between the parties. Appellant enumerates as error the rulings made by the trial judge in his judgment that the co-administrators had discharged their duties in accordance with the law, that title to funds in joint savings accounts of decedent and others, including one of the co-administrators, Miss Cromer, had been legally determined by prior judgments, and that all expenses paid out by the administrators were proper expenses of the administration, and the ruling approving the returns of the administrators and entering them as a judgment of the court. Appellant also enumerates as error the summary judgments of March 1, 1963, granted in favor of the survivors in the joint savings accounts, including Miss Cromer, holding that the funds in said accounts totaling some $47,000 became the property of the survivors upon the death of the decedent and did not enure to the decedent's estate; the order entering the remittitur of the Supreme Court of Georgia making the judgment affirming the ruling on the summary judgments the judgment of the lower court; and the order sustaining appellees'

general demurrer to his motion to vacate and set aside the summary judgments.

■ Appellant's effort here to have re-litigated the issue of title to the funds in the joint savings accounts of the intestate must fail because of the final adjudication of this issue by this court in *Cromer v. Cromer*, 219 Ga. 206 (132 SE2d 76). It would appear that appellant is attempting to avoid the rule in *Code* § 110-501 which states: "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside," by attacking the summary judgments of March 1, 1963, as being void because rendered by the trial judge more than 90 days after they were argued in violation of *Code* § 24-2620, because they were procured through fraud, and because of alleged deficiencies in the affidavits filed in support of the motions.

However, the rule applicable here is that stated in *Lankford v. Milhollin*, 201 Ga. 594 (3) (40 SE2d 732) that "[T]he judgment of a trial court which has been affirmed on writ of error to the Supreme Court will not be set aside afterwards on a ground incorporated in the writ of error or upon a ground which was known, or by the exercise of ordinary diligence could have been known, so as to have been incorporated therein." In *Cromer v. Cromer*, supra, these same parties litigated the same issue which appellant seeks to re-litigate here. We hold, as a matter of law, that all of the grounds urged by appellant to re-open this issue were either known to him prior to his preparation of the writ of error in *Cromer v. Cromer*, supra, or, could have been known by the exercise of ordinary diligence so as to have been incorporated in the writ of error. See also *Reserve Life Ins. Co. v. Ayers*, 217 Ga. 206, 211 (121 SE2d 649); *Folk v. Meyerhardt Lodge*, 218 Ga. 248 (127 SE2d 298); *Dennard v. Styles*, 108 Ga. App. 455 (133 SE2d 413); *Rahal v. Titus*, 110 Ga. App. 122, 131 (138 SE2d 68). The judgment in *Cromer v. Cromer*, supra, affirming the summary judgments in favor of the survivors to the joint savings accounts is conclusive on the ques-

tion of title to the accounts, on the question of any fraud in the procurement of said judgments, on the question as to the sufficiency of the affidavits filed in support of the motions for summary judgment, on the correctness of the order sustaining appellees' general demurrer to appellant's motion to set aside and vacate the summary judgments, and on the question whether the ruling of the lower court of April 6, 1961, is conclusive on the issue of title to the funds in the accounts.

The Supreme Court having entered judgment in this case, it was proper for the lower court to enter the remittitur making the judgment of the Supreme Court the judgment of the trial court.

Thus, the trial judge properly ruled that the issue as to the title to the funds had been determined by this court's affirmance of the summary judgments in *Cromer v. Cromer*, supra.

■ Appellant contends that the lower court erred in allowing the amounts paid by the administrators as attorneys fees as proper charges against the estate. *Code Ann.* § 113-1522 (Ga. L. 1964, p. 212) provides: "An administrator is authorized to provide for the estate competent legal counsel, according to the needs of the estate he represents." While fraud or misconduct on the part of an administrator giving rise to a suit against him by an heir would not authorize a charge against the estate for attorneys fees to defend the suit (*Ross v. Battle*, 113 Ga. 742 (3) (39 SE 287)), where no fraud or misconduct is proved, as here, the administrator should be allowed a reasonable amount from the estate to retain counsel in defending the unfounded charges. *Armstrong v. Boyd*, 140 Ga. 710, 712 (79 SE 780). See also *Roberts v. Thomas*, 32 Ga. 31; *Lilly v. Griffin*, 71 Ga. 535. Under the evidence, the trial judge was authorized to find that attorneys fees paid to the law firm of Sheats, Parker & Webb were for services rendered in favor of the estate and in resisting charges of fraud which were not substantiated.

Also, the trial judge did not err in allowing attorneys fees to be paid to Eugene P. Chambers as these were in payment for services rendered to the estate and were pursuant to a judgment for said fees obtained in the Civil Court of Fulton County.

■ It is contended that the trial judge erred in not requiring

Miss Grace E. Cromer, one of the administrators, and an heir of the decedent, to account for the rentals from the time of purchase on property bought by her in April, 1961, from the estate. Miss Cromer bought the property, a one-half interest in land located at 41 Atlanta Avenue, for $600 at a sale conducted by the administrators. The trial judge did not set aside this sale but approved it upon the condition that Miss Cromer pay the estate an additional $2,150 for a total sales price of $2,750. Appellant himself agreed to this arrangement in open court.

The present situation is controlled by the rule that while a purchase by an administrator at his own sale for land of the intestate is voidable at the election of the heirs, such is not the case where the administrator is an heir at law of his intestate and his purchase is free from fraud. *Arnold v. Arnold,* 154 Ga. 195 (113 SE 798); *Thompson v. Thompson,* 157 Ga. 377 (121 SE 225); *Robinson v. Smith,* 159 Ga. 269, 276 (125 SE 593). As the sale was affirmed upon the condition of an additional payment to the estate, Miss Cromer should not be required to account for rentals on the property which became hers in April, 1961, on the date of the sale.

No error having been shown on the part of the trial judge in his rulings of December 13, 1965, the judgment of the trial judge is affirmed.

*Judgment affirmed. All the Justices concur.*