43261. FIDELITY & CASUALTY COMPANY et al. v. WHITEHEAD.

ARGUED JANUARY 5, 1968—DECIDED FEBRUARY 9, 1968.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Williston C. White,* for appellants.

*Reeves & Collier, Rex T. Reeves, Merrell Collier,* for appellee.

Deen, Judge. ■ (a) That service of a notice of appeal was perfected on the appellee by mail, the appellee receiving his copy on September 8, 1967, prior to the dating and filing of the original on September 11, 1967, is not ground for dismissal of the appeal. "Service of any paper, motion or notice may be perfected either before or after filing with the clerk thereof, and when service is made by mail it shall be deemed to be perfected as of the day deposited in the mail." *Code Ann.* § 6-902.

(b) Nor is it ground for dismissal that the notice of appeal recites, in addition to identifying the order appealed from by a complete description thereof, that it is "the order of the Superior Court of Fulton County, Georgia, dated August 15, 1967" when as a matter of fact it is an order of a judge of such superior court filed in the clerk's office on August 15, 1967, but (according to its tenor) dated and signed by the judge on April 15, 1967. "The filing with the clerk of a judgment signed by the trial judge constitutes the entry of a judgment within the meaning of the 1965 Appellate Practice Act." *Langdale Co. v. Day*, 115 Ga. App. 30 (1) (153 SE2d 671). Recognizing that this case deals with a notice of appeal which recited the judgment as "entered" rather than "dated" on the day in question, the requirement .of *Code Ann.* § 6-803 is that the notice of appeal be filed within 30 days *after the entry;* it is therefore immaterial, except as a means of identifying the judgment, to include the date on which the trial court signed it, if the date of entry is shown. The holding in *Hardnett v. U. S. Fidel. &c. Co.,* 116 Ga. App. 732 (158 SE2d 303) is not in conflict with what is here held, as it decided only that the date of the order, when wrongly stated in the notice of appeal, could not be corrected by an amendment in *this* court. This order was in fact corrected in the trial court by a subsequent order changing the date nunc pro tunc from "April 15" to "August 15," but we do not consider this fact essential to our decision. The motion to dismiss is denied.

■ Where it appears from the face of an agreement to pay workmen's compensation that it was filed with and approved by the board, that it is for an accident resulting in hernia, and that compensation is payable from a stated date "until terminated in accordance with the provisions of the Workmen's Compensation Law," one method of termination is proof that the employee, on being offered surgical repair of the hernia, refused it, and it is not necessary that the agreement specifically recite or the board specifically order that the surgical repair be tendered. The provisions of *Code* § 114-412 are mandatory: "All hernia . . . shall be treated in a surgical manner by radical operation. . . In case the injured employee refuses to undergo the radical operation for the cure of said hernia, no compensa-

tion shall be allowed during the time such refusal continues." It is not cause for reversal of the award that the board never specifically ordered the claimant to undergo surgical repair but proof that it was tendered, and if so, refused, remains a question of *fact*.

■ A decision on appeal is the law of the case on a subsequent appeal where the evidence is the same or substantially the same on both occasions. "It is res adjudicata in essence if not in form, and on that account it would require a very strong case to induce this court to reopen the controversy." *Daniels v. Town of Athens*, 55 Ga. 609 (8). See also *Blackwell v. Southland Butane Gas Co.*, 95 Ga. App. 113 (97 SE2d 191); *Morton Realty Co. v. Magnolia Warehouses*, 105 Ga. App. 536 (125 SE2d 102); *Beale v. Grimsley*, 105 Ga. App. 733 (125 SE2d 554); *Dennard v. Styles*, 108 Ga. App. 455 (133 SE2d 413); *King v. Simmons*, 110 Ga. App. 494 (138 SE2d 919). The rulings of this court on the evidence when the case was here before are therefore controlling, the same evidence being involved on both occasions, the same accidental injury, and the same agreement to pay compensation even though in one case the pleadings were filed in the superior court in the first instance, and in the other the record was an appeal from an award. On the first appeal to this court, 114 Ga. App. 630, supra, p. 636 et seq. it was held, as to the evidence which was before the court then and which is before the court now: "The evidence authorized the finding that a surgical correction was tendered at a time when the employee's condition was such that he could have taken it, and that he refused it. . . . Consequently, the director should have proceeded to ascertain from the evidence the date when the correction was tendered and make an award terminating liability for compensation payments from that time and during the time the refusal continues. . . The sustaining of the employee's appeal of the award and a remand of the matter to the board, not having been appealed from, is res judicata. But it did not preclude further findings or award, and these may be made if upon the proper basis. . . As it now stands it appears that the board has determined that a surgical correction was tendered and refused —but no determination as to when it was made. Hence there was no way by which it could be determined that compensation

was not due for the period during which it was alleged to have been unpaid." This left for determination only the question of when the operation was tendered and refused, and this appeal raises only the question of whether there is any evidence upon which the finding made, that it occurred not later than April 19, 1961, can be justified. (If it occurred earlier, of course, the error would be favorable to the claimant and would not be cause for reversal of the superior court judgment).

As to the evidence on this point, there is a letter from claimant's attorney to the board dated April 19, 1961, stating: "The employer and/or insurance carrier demand that Mr. Whitehead submit to surgery, but he seriously believes that any operation would be both dangerous and useless, and perhaps fatal." The claimant's wife testified to her knowledge of a telephone call with reference to making the appointment for her husband to enter the hospital for surgery and that "he worried himself to death with the operation," but she did not identify the date. However, on May 2, 1961, the claimant was examined by a physician at the instance of the insurance company, who recommended surgery, stated there was no physical reason why the treatment should not be accepted, and suggested that the operation be done, to which the claimant replied that he did not wish to be operated on. Since this court has already decided that this constitutes sufficient evidence that an operation was tendered and refused, in which connection see *State Farm Mut. Auto. Ins. Co. v. Kendall*, 104 Ga. App. 481 (3) (122 SE2d 139), and since from it the fact appears that the operation was tendered prior to April 19, 1961, and refused on May 2, 1961, this latter date must be used as the cut-off point for the payment of compensation. While we realize that the doctor further testified he had no authority to "offer" the operation, the offer had already been made, the claimant's statement to a physician employed by the insurance company to ascertain the claimant's physical fitness to undergo it must be taken as a refusal to submit to the operation, it also appearing that a definite appointment for entry in the hospital was made and there being no evidence suggesting that it was canceled for any other reason.

Dating the claimant's refusal from May 2, 1961, as we must,

the judge of the superior court was right in reversing the award terminating compensation as of April 19, but he was wrong in remanding the case for a hearing de novo on all issues.

Judgment affirmed in part and reversed in part, with direction that compensation payments based on total disability resulting from the hernia be suspended as of May 2, 1961, until such time as the claimant (or in the event of mental incapacity, the party authorized to do so for him) consents to the operation or shows such physical condition as in the opinion of the board would render it unsafe for him to do so.

*Judgment affirmed in part; reversed in part. Jordan, P. J., and Pannell, J., concur.*