64385. UNDERWOOD v. THE STATE ex rel PRICE.

CARLEY, Judge.

Appellant's original "notice of appeal" was filed on January 18, 1982. This notice evidences almost total non-compliance with Code Ann. § 6-802. Compare *Fidelity & Cas. Co. v. Whitehead,* 117 Ga. App. 200 (1) (160 SE2d 241) (1968). It fails to set forth the title and docket number of the case, the name and address of appellant's attorney, a concise statement of the judgment, ruling or order entitling appellant to take an appeal, the court appealed to, a designation of those portions of the record to be omitted from the record on appeal, or a concise statement of appellate jurisdiction. The notice also fails to state whether or not any transcript of evidence and proceedings is to be transmitted as part of the record on appeal. The substance of the notice consists only of the following: "I have obtained a lawyer at this time. [The clerk of the court] has the case number, name of case including the transcript of the trial. My lawyer has the case number, name of case excluding the transcript, which he will be requesting in the very near future." An "amended notice of appeal" filed on March 5, 1982, states that the judgment appealed from is "dated December 29, 1981." This "amended" notice also attempts to remedy the deficiencies which otherwise appear in the original notice.

"The filing of a notice of appeal in the manner and within the time prescribed by the Appellate Practice Act is necessary to confer jurisdiction upon this court. If a notice of appeal is not filed within 30 days from a 'judgment, ruling or order entitling the appellant to take an appeal' then this court has no jurisdiction from the outset . . ." *Hardnett v. U. S. Fidelity &c. Co.,* 116 Ga. App. 732 (158 SE2d 303) (1967). "There is no authority to amend a notice of appeal. [Cit.]" *Evans v. Perkins,* 225 Ga. 48, 49 (1) (165 SE2d 652) (1969).

It follows that there is no notice of appeal filed in the instant case sufficient to confer jurisdiction upon this court. The original "notice

of appeal" is not even in substantial compliance with the Appellate Practice Act. See generally *Head v. Gulf Oil Corp.,* 225 Ga. 21 (165 SE2d 658) (1969). Compare *Chambliss v. Hall,* 113 Ga. App. 96 (1) (147 SE2d 334) (1966). There being no authority to amend a notice of appeal, when the "amended notice of appeal" is viewed as an original notice of appeal it is untimely because it was filed more than 30 days from the date of the judgment appealed from. Accordingly, the instant appeal must be dismissed.

*Appeal dismissed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED OCTOBER 25, 1982.

*Brian Spears,* for appellant.
*Beverly B. Hayes, District Attorney,* for appellee.