## 67010. BLACKWELL v. CANTRELL et al.

BANKE, Judge.

As the plaintiff, age six at the time, was visiting his grandparents' home in the company of his 11-year-old brother and his mother, his brother removed a loaded pistol from a dresser drawer in the grandparents' bedroom and shot him with it. Acting through his father as next friend, he brought this suit against the grandparents for their alleged negligence in keeping a "highly dangerous instrumentality" in a place where it might reasonably be expected to come into the hands of a child. The jury returned a verdict in favor of the grandparents, and the plaintiff filed this appeal.

The original notice of appeal did not specify the order or judgment from which the appeal was taken, and the record originally transmitted to this court did not indicate whether a judgment had in fact been entered on the jury's verdict. For these reasons, the defendants moved to dismiss the appeal. However, a supplemental record was subsequently transmitted to this court, establishing that a judgment was in fact entered on the verdict and that this was done less than 30 days prior to the filing of the notice of appeal. The plaintiff has filed an "amended notice of appeal" to designate this judgment as the ruling he intended to appeal from. *Held:*

1. It has often been held that the failure to designate an appealable judgment, ruling, or order in the notice of appeal, as required by OCGA § 5-6-37 (Code Ann. § 6-802), constitutes a fatal defect requiring the dismissal of the appeal. See, e.g., *Head v. Gulf Oil Corp.,* 225 Ga. 21 (165 SE2d 658) (1969); *Ballew v. State,* 225 Ga. 547 (170 SE2d 242) (1969). On the face of it, the consequences of such an omission would appear to be minimized by Ga. L. 1968, pp. 1072, 1074 (OCGA § 5-6-48 (f) (Code Ann. § 6-804)), which reads, in pertinent part, as follows: "Where it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing, what judgment or judgments were appealed from or what errors are sought to be asserted upon appeal, the appeal shall be considered in accordance therewith notwithstanding that the notice of appeal fails to specify definitely the judgment appealed from or that the enumeration of errors fails to enumerate clearly the errors sought to be reviewed." However, the Supreme Court has held that this statute will not prevent the dismissal of the appeal where the notice of appeal fails to specify any appealable judgment whatsoever, as opposed merely to failing "to specify definitely the judgment." See *Ballew v. State,* supra at 548. Accord *Ruth v. Kennedy,* 117 Ga. App. 632 (161 SE2d 410) (1968); *Rush v. State,* 124 Ga. App. 547 (184 SE2d

515) (1971).

The plaintiff contends that the defect in the original notice of appeal was remedied by the amended notice of appeal. The defendants, on the other hand, cite *Underwood v. State,* 164 Ga. App. 109 (296 SE2d 365) (1982), for the proposition that a notice of appeal may not be amended. In *Underwood,* this court, citing *Evans v. Perkins,* 225 Ga. 48, 49 (1) (165 SE2d 652) (1969), held flatly that there is no authority to amend a notice of appeal. However, subsequent to the *Evans* decision, but prior to *Underwood,* the General Assembly enacted Ga. L. 1972, p. 624 (OCGA § 5-6-48 (d) (Code Ann. § 6-809)), which provides as follows: "If an error appears in the notice of appeal, the court shall allow the notice of appeal to be amended at any time prior to judgment to perfect the appeal so that the appellate court can and will pass upon the appeal and not dismiss it." See *Cartwright v. Alpha Transp. Service, Inc.,* 159 Ga. App. 296 (1) (283 SE2d 282) (1981), rev'd on other grounds 248 Ga. 701 (285 SE2d 713) (1982). It follows that *Underwood* was incorrect to the extent that it held that there is no authority to amend a notice of appeal, and that holding is hereby overruled. We note, however, that the defect in the notice of appeal at issue in *Underwood* was much more extensive than the defect at issue in the case before us now and was not necessarily of the type which could have been cured by amendment, for not only did the original notice of appeal in that case fail to specify the judgment appealed from, it also failed to provide any of the other information required by OCGA § 5-6-37 (Code Ann. § 6-802), such as, for example, the title and docket number of the case in the lower court.

In the case before us, it is obvious from the record, as properly supplemented, that a final, appealable judgment has been entered and that the notice of appeal was filed within 30 days of the entry of that judgment. As the notice of appeal was otherwise in substantial compliance with OCGA § 5-6-37 (Code Ann. § 6-802), we consequently hold that the appellant was entitled to amend his original notice of appeal to correct the defect which resulted from his failure to to specify the judgment from which the appeal was taken. "The . . . Appellate Practice Rules were adopted by the General Assembly of Georgia for the primary purpose of securing speedy and uniform justice in a uniform and well ordered manner; they were not adopted to set traps and pitfalls by way of technicalities for unwary litigants." *Chambliss v. Hall,* 113 Ga. App. 96, 98 (147 SE2d 334) (1966). The motion to dismiss the appeal is denied.

2. Citing *Glean v. Smith,* 116 Ga. App. 111 (156 SE2d 507) (1967), the plaintiff contends that the trial court erred in failing to charge the jury that a handgun is an inherently dangerous

instrumentality requiring the exercise of "extraordinary care." In that case, it was alleged that the defendant had been negligent in keeping a loaded pistol in the top drawer of a child-size bureau in the playroom of his house, where small children were known to be at play on a regular basis. This court held that the defendant would have a duty under such circumstances to anticipate the presence of the children in the playroom *"and to use ordinary care* to avoid injuring them after their presence was known or reasonably should have been anticipated." Id. at 113. (Emphasis supplied.) However, the court went on to make the following statement: "It seems to be generally recognized, as a general principle of law, that one using or handling any instrumentality of an unusual or dangerous character is bound to take exceptional precautions to prevent injury thereby, and that children of tender years and youthful persons generally are entitled to a degree of care proportioned to their ability to foresee and avoid the perils that may be thus encountered." *Id.* at 114.

While the trial court in this case properly charged the jury that children of tender years are entitled to a degree of a care proportioned to their ability to foresee and avoid the perils encountered by them, it did not charge that one has a duty to take "exceptional precautions" when using or handling a dangerous instrumentality; and for this reason the plaintiff contends that the defendants were held to an inadequate standard of care. We disagree. There was no evidence in this case that the *defendants,* as opposed to the plaintiff and his brother, were handling or using a dangerous instrumentality when the plaintiff's unfortunate injury occurred. Rather, the defendants' alleged negligence was in storing a loaded pistol in a bedroom dresser which the children had been specifically instructed "not to go through." Under these circumstances, the court properly charged that the defendants were under a duty to use ordinary rather than extraordinary care.

3. The trial court did not err in refusing the plaintiff's request to charge that "[a] child of tender years is incapable of contributory or primary negligence." The correct standard, as properly charged by the trial court, is set forth in OCGA § 51-1-5 (Code Ann. § 105-204), as follows: "The term 'due care,' when used in reference to a child of tender years, is such care as the child's mental and physical capacities enable him to exercise in the actual circumstances of the occasion and situation under investigation." See *Ashbaugh v. Trotter,* 237 Ga. 46 (226 SE2d 736) (1976).

4. The trial court did not err in declining to give the plaintiff's requested charge to the effect that the intervening acts of a minor child do not, as a matter of law, insulate from liability a wrongdoer who has left a dangerous weapon in a place known to be frequented by

children. The court properly charged the jury that the defendants could be held liable for the reasonably foreseeable consequences of their acts, and the charge as a whole properly informed the jury that the defendants would not necessarily be insulated from liability as the result of an intervening act of negligence on the part of a third person. It is well settled that the refusal of the trial court to charge a principle of law in the exact language requested is not cause for reversal where the principle is adequately covered by the charge given. See *Clark v. Hammock,* 228 Ga. 157 (1) (184 SE2d 581) (1971).

5. The plaintiff contends the court erred in charging the jury that he would not be entitled to recover from the defendants if it were determined that the negligence of some third person (i.e., the brother) was the proximate cause of the injury, asserting that this language permitted the jury to hold his brother to the standard of conduct expected of an adult. However, as we have previously pointed out, the court gave a correct charge on the standard of care applicable to children, and the charge as a whole adequately instructed the jury that an intervening act of negligence would not insulate the defendants from liability if such negligence was a reasonably foreseeable consequence of their own acts. The case of *Sturdivant v. Polk,* 140 Ga. App. 152 (3) (230 SE2d 115) (1976), cited by the plaintiff in support of this enumeration of error, is inapposite, as the trial court in that case had not given a proper instruction to the jury on the standard of care applicable to children.

*Judgment affirmed. McMurray, C. J., Deen, P. J., Quillian, P. J., Shulman, P. J., Birdsong, Carley, Sognier and Pope, JJ., concur.*

DECIDED FEBRUARY 13, 1984.

*Warren N. Coppedge, Jr.,* for appellant.
*L. Hugh Kemp,* for appellees.