A89A1399, A89A1400. WHIDDON v. STARGELL (two cases).
(386 SE2d 884)

BIRDSONG, Judge.

In Case No. A89A1399, appellant timely filed a notice of appeal "from the Order and Writ of Possession entered herein on the 12th day of December, 1988."

In Case No. A89A1400, appellant timely filed a notice of appeal

"from the Order and Writ of Possession entered herein on the 24th day of February, 1989."

Appellee filed motions to dismiss these appeals on the grounds that there was no certification by the trial court pursuant to OCGA § 9-11-54 (b) and no compliance with the requirements of OCGA § 5-6-34 (b).

### Case No. A89A1399

This is a direct appeal from the order and writ of possession entered by the trial court on December 12, 1988. The record in this case shows that when and after this order was entered other claims remained pending in the trial court. As this is a case " 'involving multiple . . . claims, a decision adjudicating fewer than all the claims . . . is not a final judgment. (Cit.) In such circumstances, there must be an express determination under OCGA § 9-11-54 (b) [(cit.)] or there must be compliance with the requirements of OCGA § 5-6-34 (b) [(cit.)]. Where neither of these code sections [is] followed . . ., the appeal is premature and must be dismissed.' " *Patrick v. Glass*, 188 Ga. App. 737 (374 SE2d 229). Neither of these procedures was followed in this case; the appeal must be dismissed.

Appellant's assertion that this appeal can be brought solely under the provisions of OCGA § 44-7-56 is without merit. This code section does not provide any special right of direct appeal, rather this section expressly makes any appeal taken in regard to dispossessory proceedings subject to provisions of "Chapters 2, 3, 6, and 7 of Title 5" as applicable. (Emphasis supplied.) OCGA § 44-7-56.

### Case No. A89A1400

Both appellant and appellee have characterized this as an appeal from the trial court's granting of partial summary judgment to appellee. If this characterization is correct, then the appeal is not premature and would not be dismissed. Nevertheless, we cannot blindly accept such assertions. "In every matter coming to this court we are required to examine the record to make certain we possess jurisdiction." *Mitchell v. State*, 157 Ga. App. 181, 182 (276 SE2d 864), citing *Stephenson v. Futch*, 213 Ga. 247, 248 (98 SE2d 374).

OCGA § 9-11-56 (h) provides that "[a]n order granting summary judgment *on any issue* or as to any party shall be subject to review by appeal." (Emphasis supplied.) We have held that OCGA § 9-11-56 (h) "gives a losing party the right to a direct appeal from an order granting summary judgment on any issue or as to any party even though the judgment is not final under OCGA § 5-6-34 or 9-11-54 (b)." *Williams v. Thomas*, 183 Ga. App. 51 (1) (357 SE2d 872); accord *Segrest v. Intown True Value Hardware*, 190 Ga. App. 588 (1) (379 SE2d 615); compare *Hardwick &c. Co. v. 3379 Peachtree, Ltd.*, 184 Ga.

App. 822 (1) (363 SE2d 31) and *National Equip. &c. Supplies v. Hamrick Mfg. &c.*, 186 Ga. App. 400 (367 SE2d 287). Thus, an order granting partial summary judgment is directly appealable under OCGA § 9-11-56 (h).

However, appellant's notice of appeal on its face clearly reflects that the appeal was taken not from the order partially granting summary judgment filed on February 10, 1989, but rather is from the order and writ of possession filed on February 27, 1989. As such, it is not subject to direct appeal, because other claims remain pending in the trial court (e.g., issue of commissions owed to defendant and past rent due and owing to plaintiff). *Patrick v. Glass*, supra. Thus, the notice of appeal fails to specify any *appealable judgment* from which this particular appeal has been entered.

Appellant has not filed an amended notice of appeal with this court. Rather, he has elected to enumerate as error that "[t]he [t]rial [c]ourt erred in granting [p]laintiff's Motion for Summary Judgment as to the issue of ownership of the property." "The fact that an appealable judgment is shown to exist, or that the antecedent ruling on the motion . . . would be reviewable *when enumerated as error on the proper designation of an appealable judgment*, does not cure the fatal defect in the notice of appeal arising from the failure to appeal from such a judgment. Accordingly, this court is without jurisdiction to entertain the appeal." (Emphasis supplied.) *Ruth v. Kennedy*, 117 Ga. App. 632 (161 SE2d 410); see also *Fredericks v. State*, 168 Ga. App. 278 (308 SE2d 693). The case before us readily is distinguishable from those instances where the faulty notice of appeal fails to specify definitely the judgment, and thus can be revitalized by the protective ambit of OCGA § 5-6-48 (f). Rather the order in this case *specifically designates* that the appeal is to be taken from what happens to be a nonappealable order. Compare *Ballew v. State*, 225 Ga. 547 (170 SE2d 242) and *Ruth,* supra, with *Blackwell v. Cantrell*, 169 Ga. App. 795 (315 SE2d 29).

It is unclear, comparing the notice of appeal and the contrary enumeration of error, exactly what order the parties intended timely to appeal. In instances where the notice of appeal is so faulty as to preclude jurisdictional vesting, we have established a liberal procedure, consistent with OCGA § 5-6-30, which allows appellant to correct the jurisdictional deficiency by filing an amended notice of appeal. See generally *Martin v. Farrington*, 179 Ga. App. 227 (346 SE2d 5); *Blackwell v. Cantrell*, supra; see also *Jim Walter Homes v. Strickland*, 185 Ga. App. 306, 307 (363 SE2d 834). The record before us contains no such amendment. Accordingly, we are without jurisdiction and this appeal must be dismissed. *Ballew v. State*, supra; *Ruth v. Kennedy*, supra.

Appellee's motions for damages for filing of frivolous appeal are

denied.

*Appeals dismissed. Deen, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 18, 1989.

*Joseph R. Baker, Lillian Neal,* for appellant.
*Glaze, Fincher & Bray, Thomas M. Conway, C. Crandle Bray,* for appellee.

