# Court of Appeals
# of the State of Georgia

ATLANTA,<u>February 27, 2014</u>

*The Court of Appeals hereby passes the following order:*

**A14D0238.  ROBBIE W. SEALE v. VICKIE BEARDEN.**

Robbie W. Seale filed a complaint against Vickie Bearden, Tax Commissioner of Carroll County, seeking damages exceeding $53 million because properties that he desired to bid upon in the County's April 2013 tax sale were removed from the sale list.  Bearden filed a motion for summary judgment, which the trial court orally granted at a hearing on December 10, 2013. The trial court's ruling was never reduced to writing.  On January 10, 2014, Seale filed a motion for reconsideration, which the trial court denied on that same day.  Seale filed this application for discretionary appeal, challenging that order.

"[A]n oral order is not final nor appealable until and unless it is reduced to writing, signed by the judge, and filed with the clerk." *Sharp v. State*, 183 Ga. App. 641, 642 (1) (360 SE2d 50) (1987).  Thus, the trial court's oral ruling on December 10, 2013, is not an appealable judgment.  The order of January 10, 2014, appears to be the first written order in the case acknowledging the trial court's grant of summary judgment to Bearden even though it is styled as the denial of Seale's motion for reconsideration.  The denial of a motion for reconsideration is not directly appealable. *Bell v. Cohran*, 244 Ga. App. 510, 511 (536 SE2d 187) (2000).  However, it is axiomatic that the substance of an order or motion controls and the nomenclature or styling thereof is not binding on a reviewing court.  See *Martin v. Williams*, 263 Ga. 707, 708 (1) (438 SE2d 353) (1994). "There is no magic in nomenclature; thus, in classifying a trial court's order, we will construe it to serve the best interests of justice, judging the order by its function rather than by its name." *Howell Mill/Collier Assoc. v. Pennypacker's, Inc.*, 194 Ga. App. 169 (1) (390 SE2d 257) (1990).  Here, we construe the order as the grant of summary judgment.

Pursuant to OCGA § 9-11-56 (h), the grant of summary judgment may be appealed directly. See *Whiddon v. Stargell*, 192 Ga. App. 826, 828 (386 SE2d 884) (1989). The order in this case is thus subject to direct appeal. This Court will grant an otherwise timely discretionary application if the lower court's order is directly appealable and the applicant has not already filed a notice of appeal. See OCGA § 5-6-35 (j). Therefore, this application is hereby GRANTED.

Seale shall have ten days from the date of this order to file a notice of appeal if he has not already done so. The clerk of the superior court is directed to include a copy of this order in the appeal record transmitted to this Court.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* __02/27/2014__
  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*