# Court of Appeals
# of the State of Georgia

ATLANTA,____June 09, 2015_____

*The Court of Appeals hereby passes the following order:*

## A15A1797. FRANKLIN D. MILLEDGE v. DISCOVER BANK.

On December 17, 2014, the trial court granted summary judgment in favor of plaintiff Discover Bank and awarded it $12,929.44 in this suit on an account. Defendant Franklin Milledge filed a motion to set aside the summary judgment, which the trial court denied on February 2, 2015. Milledge filed his pro se notice appeal from the order denying his motion to set aside on February 13, 2015. We lack jurisdiction.

Pursuant to OCGA § 9-11-56 (h), the grant of summary judgment is reviewable by direct appeal. *Whiddon v. Stargell*, 192 Ga. App. 826, 828 (386 SE2d 884) (1989). As a rule, "[a] notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of . . . ." OCGA § 5-6-38 (a). Milledge, however, did not file a notice of appeal within 30 days after entry of the grant of summary judgment. Instead, he filed a motion to set aside pursuant to OCGA § 9-11-60 (d), and an appeal from the denial of such an order requires compliance with the discretionary appeal procedures set forth on OCGA § 5-6-35 (a) (8). See *Arrowhead Alternator v. CIT Communications Finance Corp.*, 268 Ga. App. 464, 466 (602 SE2d 231) (2004). Furthermore, even if we construe Milledge's motion as a motion for reconsideration, an order resolving a motion for reconsideration is not subject to direct appeal and does not extend the deadline for filing a notice of appeal. See *Bell v. Cohran*, 244 Ga. App. 510 (536 SE2d 187) (2000).

Because Milledge did not file a timely notice of appeal from the summary judgment order, we lack jurisdiction to consider this appeal, which is therefore DISMISSED.



*Court of Appeals of the State of Georgia*
          *Clerk's Office, Atlanta,*_____06/09/2015_____
          *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
          *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____*Stephen E. Castlen*_____ *, Clerk.*