# Court of Appeals
# of the State of Georgia

ATLANTA,  October 03, 2019

*The Court of Appeals hereby passes the following order:*

## A20A0346. ROBERT L. CLARK v. GARY C. MCCORVEY et al.

In May 2019, prison inmate Robert L. Clark filed a mandamus petition, arguing that the superior court judge to whom his "case" had been assigned had taken no action in the case in over a year. Clark sought to compel the judge to schedule a hearing and rule on his claims. The judge against whom mandamus was sought assigned the action to a new judge. On June 7, 2019, the newly appointed judge filed an order granting Clark permission to proceed in forma pauperis. On June 27, 2019, Clark filed a notice of appeal in the trial court in which he appears to seek mandamus relief from this Court. We, however, lack jurisdiction.

First, to the extent Clark seeks mandamus relief from this Court, his failure to comply with OCGA § 9-10-14 precludes our consideration of an original mandamus petition. Although this Court may, in rare cases, exercise original mandamus powers, in most cases, a litigant must first obtain a ruling from the superior court. See *Brown v. Johnson*, 251 Ga. 436, 436 (306 SE2d 655) (1983); *Expedia, Inc. v. City of Columbus*, 305 Ga. App. 450, 455 (2) (b) (699 SE2d 600) (2010) ("Except in the rarest of cases, litigants seeking to invoke this Court's original jurisdiction . . . must first petition the superior court for such relief."). This is not a case in which the exercise of original mandamus powers is warranted. Since Clark had obtained no ruling on his mandamus petition at the time he filed his notice of appeal, there is no basis for this Court to exercise jurisdiction.[1]

---

[1] We note that the newly appointed judge subsequently dismissed the mandamus petition as moot. But the case remained pending when the notice of appeal

Even if Clark had obtained a ruling prior to filing a notice of appeal, we would lack jurisdiction. While judgments and orders granting or refusing to grant mandamus relief are generally directly appealable, see OCGA § 5-6-34 (a) (7), under the Prison Litigation Reform Act, any appeal in a civil case that was initiated by a prisoner must come by discretionary application. See OCGA § 42-12-8; *Jones v. Townsend*, 267 Ga. 489, 490 (480 SE2d 24) (1997). Because Clark is incarcerated, he is required to file an application for discretionary appeal in order to appeal a mandamus ruling. See *Brock v. Hardman*, 303 Ga. 729, 731 (2) (814 SE2d 736) (2018).

For these reasons, we lack jurisdiction over this direct appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,___10/03/2019_____*
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

was filed, and the notice of appeal failed to specify any appealable judgment, which deprives us of jurisdiction to consider the appeal. See *Whiddon v. Stargell*, 192 Ga. App. 826, 828 (386 SE2d 884) (1989).