# Court of Appeals
# of the State of Georgia

ATLANTA,  July 29, 2022

*The Court of Appeals hereby passes the following order:*

**A22A1501. MARK ALAN BEUTE et al v. HOTEL MOTEL GROUP USA, INC.**

Mark Beute and Ruth Beute filed this direct appeal from the superior court's order issuing a writ of possession in favor of Hotel Motel Group USA, Inc. ("HMG"). HMG has moved to dismiss the appeal on jurisdictional grounds. For several reasons, including the two that follow, we grant the motion and dismiss the appeal.

First, an interlocutory application was required. In "a case involving multiple claims, a decision adjudicating fewer than all the claims is not a final judgment. In such circumstances, there must be an express determination under OCGA § 9-11-54 (b) or there must be compliance with the requirements of OCGA § 5-6-34 (b). Where neither of these code sections is followed, the appeal is premature and must be dismissed." *Whiddon v. Stargell*, 192 Ga. App. 826, 827 (386 SE2d 884) (1989) (punctuation omitted).

HMG filed the underlying dispossessory proceeding against the Beutes in magistrate court. In their answers, the Beutes denied the existence of a landlord-tenant relationship and asserted counterclaims against HMG. The magistrate court granted a writ of possession to HMG, ordered the Beutes to pay rent in order to remain in possession of the premises if they appealed the judgment, and transferred the case to superior court for disposition of the counterclaims. The Beutes appealed the dispossessory judgment to superior court, and HMG filed in superior court a motion for writ of possession based on the Beutes's alleged failure to pay rent as ordered by the magistrate court. The superior court thereafter entered an order granting the writ of possession, but not disposing of the counterclaims or various motions that were then pending. The Beutes filed this direct appeal from that order.

However, because the counterclaims and motions have not been finally determined, the case is still pending in superior court. As neither of the interlocutory appeal procedures was followed, the appeal must be dismissed. See *Whiddon*, 192 Ga. App. at 827; see generally *Golden v. Gray*, 156 Ga. App. 596, 596-597 (275 SE2d 162) (1980) (order granting writ of possession on personal property was not final given that motions, defenses and counterclaims had not been ruled upon and case was still pending below).

Second, even if the order was final, the notice of appeal was untimely. Under OCGA § 44-7-56, an appeal from any judgment by the trial court in a dispossessory proceeding must be filed within seven days of the date the judgment was entered. See *Radio Sandy Springs v. Allen Road Joint Venture*, 311 Ga. App. 334, 335-336 (715 SE2d 752) (2011). Here, the superior court entered the order issuing an immediate writ of possession on February 22, 2022. The Beutes filed the notice of appeal from that order on March 24, 2022, or 30 days later. Because the notice of appeal was not filed within seven days of the superior court's order, it was untimely and must be dismissed. See *Radio Sandy Springs*, 311 Ga. App. at 336.

Accordingly, HMG's motion to dismiss is hereby GRANTED, and this appeal is hereby DISMISSED. HMG's motion for the assessment of a frivolous appeal penalty is hereby DENIED.



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta, ___07/29/2022_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_Stephen E. Castlen_____, Clerk.