### 25342. BALLEW v. THE STATE.

Grice, Justice. Appellant was found guilty of robbery by force and was sentenced to a term of five years in the penitentiary. His notice of appeal, in essential part, states merely: "Now comes [the appellant] and files this his appeal to the Supreme Court of Georgia." Nowhere does the notice set forth "a concise statement of the judgment, ruling or order entitling the appellant to take an appeal." Nor does it contain "a brief statement of the offense and the punishment prescribed," as required in criminal cases. Hence, the notice of appeal does not satisfy the requirements of the Appellate Practice Act (Ga. L. 1965, pp. 18, 20; 1966, pp. 493, 495; *Code Ann.* § 6-802), and therefore must be dismissed.

A different result is not required because of the 1968 amendment to the Appellate Practice Act (Ga. L. 1968, pp. 1072, 1074-1075; *Code Ann.* § 6-809(d)), which provides in material part that "Where it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing, what judgment or judgments were appealed from or what errors are sought to be asserted upon appeal, the appeal shall be considered in accordance therewith notwithstanding that the notice of appeal fails to specify definitely the judgment appealed from. . ."

The situation here is not one provided for in the foregoing amendatory provision, where the notice of appeal fails "to specify *definitely* the judgment." (Emphasis supplied.) Rather, it is a situation where the notice of appeal fails to specify any judgment whatever. See *Head v. Gulf Oil Corp.*, 225 Ga. 21 (165 SE2d 658).

*Appeal dismissed. All the Justices concur, except Felton, J., who dissents.*

SUBMITTED JULY 15, 1969—DECIDED SEPTEMBER 8, 1969—
REHEARING DENIED SEPTEMBER 29, 1969.

*Irwin R. Kimzey,* for appellant.

*Herbert B. Kimzey, District Attorney, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, Assistant Attorney General, Larry H. Evans,* for appellee.

FELTON, Justice, dissenting. Subsection (d) of *Code Ann.* § 6-809, added by Ga. L. 1968, p. 1072, provides in part as follows: "Where it is apparent from the notice of appeal, the record, the enumeration of errors, *or any combination of the foregoing,* what judgment or judgments were appealed from or what errors are sought to be asserted upon appeal, the appeal shall be considered in accordance therewith *notwithstanding that the notice of appeal fails to specify definitely the judgment appealed from* or that the enumeration of errors fails to enumerate clearly the errors sought to be reviewed." (Emphasis supplied.) Since there is but one final judgment in this record, i.e., the judgment on the verdict, and since the enumeration of errors

specifies the overruling of the amended motion for new trial, it is apparent that the appeal is from the judgment on the verdict and that the grounds of the appeal are those contained in the amended motion for new trial, the order overruling which being reviewable under the provisions of *Code Ann.* § 6-701(b) (Ga. L. 1965, p. 18, as amended).

Instead of dismissing, I would decide the case on the merits in accordance with the clear legislative intent of the Appellate Practice Act, as expressed in *Code Ann.* § 6-905 (Ga. L. 1965, pp. 18, 40) and § 6-809. See also *Brackett v. Allison,* 119 Ga. App. 632 (1) (168 SE2d 611).