45500.   THOMPSON v. CONSUMER CREDIT OF VALDOSTA, INC.

QUILLIAN, Judge. The instant notice of appeal recites that the appellant (garnishee below) "hereby appeals to the Court of Appeals from the order striking and dismissing the answer of garnishee entered in this action on April 24, 1970." Error is enumerated on the trial court's action in: (1) holding that the garnishee failed to tender the court costs after default and the default was not opened; (2) striking and dismissing the answer of garnishment. Both of these grounds relate only to the order dismissing the answer. There is a final judgment in the record which renders judgment in favor of the plaintiff in a named sum and against the defendant and garnishee.

The 1968 amendment to Section 13 of the Appellate Practice Act (*Code Ann.* § 6-809 (d); Ga. L. 1965, pp. 18, 29; 1965, pp. 240, 241; 1966, pp. 493, 500; 1968, pp. 1072, 1073, 1074) provides: "Where it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing, what judgment or judgments were appealed from or what er-

rors are sought to be asserted upon appeal, the appeal shall be considered in accordance therewith notwithstanding that the notice of appeal fails to specify definitely the judgment appealed from or that the enumeration of errors fails to enumerate clearly the errors sought to be reviewed."

The case does not come within the ambit of the quoted proviso where the notice of appeal fails "to specify definitely the judgment." *Ballew v. State,* 225 Ga. 547, 548 (170 SE2d 242). Instead, the notice of appeal does specifically designate a particular order but one which does not constitute a final judgment. Following the decision of *Smith v. Sorrough,* 226 Ga. 744, 745 (177 SE2d 246), we must find that this appeal was taken from the order described in the notice of appeal and from no other. Hence, since there was no certificate of review and the case does not fall within the class of exceptions found in Section 1 (a 3) of the Appellate Practice Act (*Code Ann.* § 6-701 (a 3)); Ga. L. 1965, p. 18; 1968, pp. 1072, 1073) (see *Bowman v. Berlin,* 118 Ga. App. 511 (164 SE2d 149); *Howard v. Thomas* 224 Ga. 515 (162 SE2d 721)), the appeal must be

*Dismissed. Bell, C. J., and Whitman, J., concur.*
Submitted September 8, 1970—Decided February 9, 1971.

*Burch & Boswell, John S. Boswell, Sr.,* for appellant.
*Robert L. Cork,* for appellee.