## 66625. FREDERICKS v. THE STATE.

CARLEY, Judge.

" 'The filing of a notice of appeal in the manner and within the time prescribed by the Appellate Practice Act is necessary to confer jurisdiction upon this court. If a notice of appeal is not filed within 30 days from a "judgment, ruling or order entitling the appellant to take an appeal" then this court has no jurisdiction from the outset . . .' [Cit.]" *Underwood v. State,* 164 Ga. App. 109 (296 SE2d 365) (1982).

Appellant's notice of appeal states, in essential part, only the following: "Comes now defendant in the above styled cause, and files this his Notice of Appeal to the Court of Appeals of Georgia." "Nowhere does the notice set forth 'a concise statement of the judgment, ruling or order entitling the appellant to take an appeal.' Nor does it contain 'a brief statement of the offense and the punishment prescribed,' as required in criminal cases. Hence, the notice of appeal does not satisfy the requirements of the Appellate Practice Act ([OCGA § 5-6-37 (Code Ann. § 6-802)]), and therefore must be dismissed." *Ballew v. State,* 225 Ga. 547 (170 SE2d 242) (1969). OCGA § 5-6-48 (f) (Code Ann. § 6-809) does not require a different result. *Ballew v. State,* supra at 548. This court is bound by the Supreme Court's ruling in *Ballew* and, accordingly, the instant case must be dismissed for lack of jurisdiction. *Hicks v. State,* 121 Ga. App. 52 (172 SE2d 453) (1970).

*Appeal dismissed. Deen, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 19, 1983 —
REHEARING DENIED OCTOBER 4, 1983 —

*Percy J. Blount,* for appellant.
*Sam B. Sibley, Jr., District Attorney,* for appellee.