## S93G1779. BRUMBY v. THE STATE.
(443 SE2d 613)

SEARS-COLLINS, Justice.

The appellant, Richard Brumby, was convicted of speeding following a bench trial in Cobb County State Court. Acting pro se, Brumby filed the following timely notice of appeal:

Case # 92T-1688 in the State Court of Cobb County
State of Georgia v. Richard Gray Brumby II

APPEAL TO THE SUPERIOR COURT

NOTICE IS HEREBY GIVEN THAT RICHARD GRAY

---

[1] Appellant concedes that the requirements of OCGA § 15-11-39 (a) (3) (A) and (B) were met.

BRUMBY II, APPELLANT HEREIN, AND DEFENDANT ABOVE NAMED, HEREBY APPEALS TO THE SUPERIOR COURT OF COBB COUNTY FROM THE JUDGEMENT ENTERED HEREIN ON 1992 FEBRUARY 28.

The state court dismissed the notice of appeal, citing failure to comply with OCGA § 5-6-37,[1] failure to enumerate errors, failure to petition the appropriate court (the Court of Appeals) for appeal, and unreasonable failure to timely file a transcript. On Brumby's appeal of that decision, the Court of Appeals, in an unpublished opinion, held that Brumby's failure to file a transcript did not support the trial court's dismissal of the notice of appeal because the trial court did not find that the failure was "inexcusable" or was caused by Brumby. *Brumby v. State*, 209 Ga. App. XXVII (1993); see also OCGA § 5-6-48 (c). Nevertheless, the Court of Appeals held that it was bound by this court's decision in *Ballew v. State*, 225 Ga. 547 (170 SE2d 242) (1969), to affirm the dismissal of the appeal because the notice of appeal did not "contain 'a brief statement of the offense and the punishment prescribed,' as required in criminal cases" under OCGA § 5-6-37. Id. We granted certiorari to consider "[w]hether dismissal of the direct appeal was required." We reverse.

1. The Court of Appeals correctly determined that the trial court erred in dismissing Brumby's notice of appeal for failure to file a transcript, enumerate error, and name the proper appellate court. OCGA § 5-6-37 itself states that an "appeal shall not be dismissed nor denied consideration . . . because of a designation of the wrong appellate court," and that section does not require that a notice of appeal contain enumeration of errors. Furthermore, a trial court may dismiss an appeal for failure to file a transcript only if it determines, "after notice and opportunity for hearing," that "there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by [the appealing] party." OCGA § 5-6-48 (c). As the Court of Appeals majority noted, "the trial court made no specific finding as to whether the delay in filing a

---

[1] OCGA § 5-6-37 provides, in relevant part, that a notice of appeal shall set forth the title and docket number of the case; the name of the appellant and the name and address of his attorney; a concise statement of the judgment, ruling, or order entitling the appellant to take an appeal; the court appealed to; a designation of those portions of the record to be omitted from the record on appeal; a concise statement as to why the appellate court appealed to has jurisdiction rather than the other appellate court; and, if the appeal is from a judgment of conviction in a criminal case, a brief statement of the offense and the punishment prescribed. The appeal shall not be dismissed nor denied consideration because of failure to include the jurisdictional statement or because of a designation of the wrong appellate court. In addition, the notice shall state whether or not any transcript of evidence and proceedings is to be transmitted as a part of the record on appeal.

transcript was inexcusable . . . [or] was caused by Brumby." Court of Appeals opinion at p. 2.

2. We disagree, however, with the Court of Appeals' decision that affirmance of the trial court's dismissal of the notice of appeal was nevertheless required by this court's decision in *Ballew v. State*. In that case, Ballew's notice of appeal stated merely: " 'Now comes [the appellant] and files this his appeal to the Supreme Court of Georgia.' " *Ballew*, 225 Ga. at 547. This court dismissed Ballew's appeal because

> [n]owhere does the notice set forth "a concise statement of the judgment, ruling or order entitling the appellant to take an appeal." Nor does it contain "a brief statement of the offense and the punishment prescribed," as required in criminal cases.

Id.

The *Ballew* court considered whether (present) OCGA § 5-6-48 would save Ballew's appeal. In addition to enumerating the permissible grounds for dismissal of an appeal, § 5-6-48 sets forth distinctly the effect of deficiencies in a notice of appeal. Section 5-6-48 (f) provides that

> "[w]here it is apparent from the notice of appeal, the record, the enumeration of errors, *or any combination of the foregoing*, what judgment [is appealed], the appeal shall be considered in accordance therewith notwithstanding that the notice of appeal fails to specify *definitely* the judgment appealed."

(Emphasis supplied.) The court then expressly stated that subsection (f) would save Ballew's appeal if the notice had merely failed to specify the judgment *definitely*, as opposed to failing "to specify any judgment whatever," id. at 548, thereby holding implicitly that, as long as the judgment is adequately specified, a failure to state the offense and punishment prescribed is not grounds for dismissal.

The critical distinction between the notice of appeal dismissed in *Ballew* and the notice of appeal dismissed in this case is that Brumby, unlike Ballew, did not "fail to specify any judgment whatever." Brumby's notice of appeal provides the specific case number, style, court and date on which the final judgment being appealed was entered. Certainly this information, considered in conjunction with even a cursory inspection of the record, would make clear the judgment Brumby was appealing, as well as the offense and punishment indicated by that judgment.

OCGA § 5-6-48 furthers "the policy of both appellate courts in Georgia to attempt to avoid dismissing appeals and to try to reach the

merits of every case when it can be done consistent with the mandate of the law," *Holcomb v. Gray*, 234 Ga. 7 (214 SE2d 512) (1975); see also *Johnson v. Daniel*, 135 Ga. App. 926 (219 SE2d 579) (1975). We hold that under the provisions of § 5-6-48, the deficiencies in Brumby's notice of appeal did not justify dismissal of the appeal.

*Judgment reversed. All the Justices concur, except Benham, P. J., Fletcher and Hunstein, JJ., who dissent.*

BENHAM, Presiding Justice, dissenting.

We granted certiorari to determine whether the Court of Appeals erred in affirming the dismissal of this appeal by the trial court. The majority opinion reverses the Court of Appeals and I respectfully dissent because I am unwilling, when the requirements for appellate practice are clearly set out in statute and in case law, to require the appellate courts to participate in a game of "hide n' go seek" to determine whether an appeal has viability.

Comparing appellant's notice of appeal, set out in the majority opinion, with OCGA § 5-6-37, also set out in the majority opinion, five instances of failure to comply with statutory requirements are readily apparent: 1) failure to designate the proper court; 2) failure to provide a concise statement of the judgment; 3) failure to designate the portion of the record to be omitted; 4) failure to provide a concise statement as to jurisdiction; and 5) failure to include a brief statement of the offense and the punishment.

While appellants can be excused from complying with some of the procedural niceties of OCGA § 5-6-37, we cannot allow them to disregard the requirements of the statute completely. This is especially so in light of the clear ruling of this court in *Ballew v. State*, 225 Ga. 547 (170 SE2d 242) (1969):

Nowhere does the notice set forth "a concise statement of the judgment, ruling or order entitling the appellant to take an appeal." Nor does it contain "a brief statement of the offense and the punishment prescribed," as required in criminal cases. Hence, the notice of appeal does not satisfy the requirements of the Appellate Practice Act (Ga. L. 1965, pp. 18, 20; 1966, pp. 493, 495; [OCGA § 5-6-37]), and therefore, must be dismissed.

The majority opinion seeks to distinguish *Ballew* by suggesting that Brumby, unlike Ballew, did not "fail to specify any judgment whatever," in that an inspection of the record, considered in conjunction with the information in the notice of appeal (case number, style, court and date of final judgment), would make clear the judgment Brumby was appealing. That position, however, is nothing but a "sub-

stantial compliance" approach, the very approach suggested by the dissent in *Ballew* but soundly rejected by the main opinion in that case. It cannot, therefore, be distinguished so easily as the majority opinion would have it.

With the Appellate Practice Act, the legislature has sought to provide certainty, predictability, stability and uniformity. Relying on *Ballew*, the Court of Appeals has upheld the principles of the Appellate Practice Act in cases such as *Fredericks v. State*, 168 Ga. App. 278 (308 SE2d 693) (1983) and *Hicks v. State*, 121 Ga. App. 52 (172 SE2d 453) (1970). Now, however, it appears that the majority seeks to abandon *Ballew*, yet chooses not to overrule that case or any in which it has been applied. Such an approach only causes further confusion in the law and does nothing to enhance the efficient administration of justice. Quite the contrary: in the future, appellate courts will be obliged to embark on an expedition by scouring the notice of appeal, the enumerations of error, the transcript and, one must suppose, the briefs just to determine whether the court's jurisdiction has been invoked under OCGA § 5-6-37. Such a requirement is completely contrary to the clear language of the statute and abundant case law. Therefore, I respectfully dissent.

I am authorized to state that Justice Fletcher and Justice Hunstein join in this dissent.

DECIDED MAY 31, 1994.

Richard G. Brumby II, *pro se.*

*Ben F. Smith, Jr., Solicitor, Barry E. Morgan, Assistant Solicitor,* for appellee.