A98A0774. BISH v. THE STATE.
(501 SE2d 283)

JOHNSON, Judge.

Dale E. Bish has filed an appeal. His sole enumeration of error is that the trial court erred in denying his motion for judgment of acquittal. However, since it is the duty of an appellate court to inquire sua sponte into its jurisdiction where there is doubt, we must examine the sufficiency of the notice of appeal to determine if this Court has jurisdiction over this appeal. *Pruitt v. State*, 227 Ga. 188, 189-190 (179 SE2d 339) (1971). We conclude that jurisdiction is lacking and this appeal must be dismissed.

Bish's notice of appeal merely recites: "Comes now defendant and files notice of appeal in the above-referenced matter." (Punctuation and emphasis omitted.) This notice on its face fails to identify any judgment or other directly appealable ruling or order from which this appeal is taken. Further, the notice does not contain a brief statement of the offense and the punishment prescribed, the court appealed to, a designation of those portions of the record to be omitted from the record on appeal, and a concise statement as to why the appellate court appealed to has jurisdiction. See generally OCGA § 5-6-37. OCGA § 5-6-37 sets forth the information which should be included in a notice of appeal when an appeal is filed in an appellate

court. In view of the substantial deficiencies in this notice of appeal, the appeal is dismissed for lack of jurisdiction. *Ballew v. State*, 225 Ga. 547 (170 SE2d 242) (1969); *Fredericks v. State*, 168 Ga. App. 278 (308 SE2d 693) (1983); compare *Brumby v. State*, 264 Ga. 215 (443 SE2d 613) (1994), where the notice of appeal specified it was from "the judgment entered herein on 1992 February 28."

*Appeal dismissed. Birdsong, P. J., and Smith, J., concur.*

DECIDED APRIL 7, 1998.

*Willie L. Fields*, for appellant.
*Spencer Lawton, Jr., District Attorney, Clare A. McGuire, Assistant District Attorney*, for appellee.

