## A98A0366. ZACHERY v. THE STATE.
### (504 SE2d 466)

RUFFIN, Judge.

A jury found Robert Zachery guilty of six counts of robbery. On June 12, 1997, the trial court denied Zachery's motion for new trial. On June 25, 1997, Zachery, through counsel, timely filed a notice of appeal which merely states: "THE DEFENDANT, ROBERT ZACHERY, hereby files his Notice of Appeal to the Georgia Court of Appeals pursuant to 5-6-38, O.C.G.A." For reasons which follow, we find that Zachery's notice of appeal is insufficient to invoke the jurisdiction of this Court and therefore dismiss the appeal.

"It is the duty of this Court to raise the question of its jurisdic-

tion in all cases in which there may be any doubt as to the existence of such jurisdiction. The proper and timely filing of the notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court." (Citations and punctuation omitted.) *Coles v. State*, 223 Ga. App. 491, 492 (2) (477 SE2d 897) (1996). The required contents of a notice of appeal are stated in OCGA § 5-6-37: "The notice shall set forth the title and docket number of the case; the name of the appellant and the name and address of his attorney; a concise statement of the judgment, ruling, or order entitling the appellant to take an appeal; the court appealed to; a designation of those portions of the record to be omitted from the record on appeal; a concise statement as to why the appellate court appealed to has jurisdiction rather than the other appellate court; . . . if the appeal is from a judgment of conviction in a criminal case, a brief statement of the offense and the punishment prescribed[; and] . . . whether or not any transcript of evidence and proceedings is to be transmitted as part of the record on appeal."

Though it is clear under OCGA § 5-6-37 that this information is required, the statute prohibits dismissal of an appeal "because of failure to include the jurisdictional statement or because of a designation of the wrong appellate court." Similarly, OCGA § 5-6-48 (f) provides that "[w]here it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing, what judgment or judgments were appealed from or what errors are sought to be asserted upon appeal, the appeal shall be considered in accordance therewith notwithstanding that *the notice of appeal fails to specify definitely the judgment appealed from* or that the enumeration of errors fails to enumerate clearly the errors sought to be reviewed." (Emphasis supplied.)

The foregoing emphasized language of OCGA § 5-6-48 (f) was construed by our Supreme Court in *Ballew v. State*, 225 Ga. 547 (170 SE2d 242) (1969). In *Ballew*, the notice of appeal provided: " 'Now comes (the appellant) and files this his appeal to the Supreme Court of Georgia.' " Id. at 547. The Court found that "[n]owhere does the notice set forth 'a concise statement of the judgment, ruling or order entitling the appellant to take an appeal.' Nor does it contain 'a brief statement of the offense and the punishment prescribed,' as required in criminal cases." Id. at 547. Because the notice did not satisfy the requirements of the Appellate Practice Act, the Court dismissed the appeal. Id. As for the language of OCGA § 5-6-48 (f), the Court held that "[t]he situation here is not one provided for in [the statute], where the notice of appeal fails 'to specify *definitely* the judgment.' Rather, it is a situation where the notice of appeal fails to specify any judgment whatever. [Cit.]" (Emphasis in original.) Id. at 548 (decided under former Code Ann. § 6-809 (d)).

Fifteen years after the Supreme Court's decision in *Ballew*, this Court addressed the same issue in *Blackwell v. Cantrell*, 169 Ga. App. 795 (1) (315 SE2d 29) (1984), but reached a different result. In *Blackwell*, the notice of appeal complied with OCGA § 5-6-37 in all respects except that it did not specify the order or judgment from which the appeal was taken. Though we cited the Supreme Court's decision in *Ballew* for the proposition that the failure to designate an appealable judgment "constitutes a fatal defect requiring the dismissal of the appeal[,]" we nevertheless concluded that it was an amendable defect. Id. at 795, 796.

It is not necessary for us to explore whether *Ballew* is still viable authority for the proposition that an appellant's failure to designate an appealable judgment is a fatal deficiency in the notice of appeal; the Supreme Court has already reached this conclusion in *Brumby v. State*, 264 Ga. 215, 217 (2) (443 SE2d 613) (1994). The Court in *Brumby*, citing *Ballew*, reiterated that OCGA § 5-6-48 (f) "would save [an appellant's] appeal if the notice had merely failed to specify the judgment *definitely*, as opposed to failing 'to specify any judgment whatever[.]' [Cit.]" (Emphasis in original.) Id. at 217. Accordingly, "as long as the judgment is adequately specified, a failure to state the offense and punishment prescribed is not grounds for dismissal." Id.

Zachery's notice of appeal in this case is identical in all material respects to the notice of appeal that was at issue in *Ballew*. Inasmuch as the notice fails to specify any judgment whatever, OCGA § 5-6-48 (f) does not apply, and the appeal must be dismissed. See id.; *Ballew*, supra; *Ray v. Maxwell*, 198 Ga. App. 849 (403 SE2d 442) (1991).

Although the dissent acknowledges that the letter of the law requires this result, it nevertheless concludes that we should disregard such requirement to reach the merits of the case. Such conclusion, however, undermines the clear constitutional mandate that "[t]he decisions of the Supreme Court shall bind all other courts as precedents." Ga. Const. of 1983, Art. VI, Sec. VI, Par. VI. This mandate is not contingent, and the Court of Appeals is not at liberty to modify Supreme Court precedent merely because that precedent would, as the dissent contends, make "more work for this Court as well as for the trial court . . ., the parties, counsel, and custodians of defendant." See *Adams v. State*, 174 Ga. App. 558, 559 (2) (331 SE2d 29) (1985). For the same reason, *Blackwell*, supra, does not permit a different result. Though *Blackwell* held that this was an amendable defect, we are compelled by the Constitution to abide by the Supreme Court's precedent in *Ballew* and *Brumby*. Ga. Const. of 1983, Art. VI, Sec. VI, Par. VI; *Adams*, supra. In sum, neither *Ballew* nor *Brumby* permits the judicial shortcuts to jurisdiction proposed by the dissent.

However, notwithstanding the requirement that we dismiss this appeal because appointed counsel failed to follow appellate procedu-

ral prerequisites, "[a] criminal defendant who has lost his right to appellate review of his conviction due to error of counsel is entitled to an out-of-time appeal. [Cits.]" *Rowland v. State*, 264 Ga. 872, 875 (2) (452 SE2d 756) (1995). And, "[w]hile an out-of-time appeal may afford a remedy, it can be a *meaningful* remedy only if the defendant is aware of his right to an out-of-time appeal and how to exercise it." (Emphasis in original.) *Reese v. State*, 216 Ga. App. 773, 774 (456 SE2d 271) (1995).

Accordingly, Zachery is advised: Your appeal has been DISMISSED because your attorney failed to file a proper notice of appeal. If you have decided you do not want to appeal, you need not do anything more. However, if you do still want to appeal, you may have the right to an OUT-OF-TIME APPEAL — but YOU MUST TAKE ACTION to exercise that right by moving for an out-of-time appeal in the trial court. If your motion for an out-of-time appeal is granted, the trial court should appoint another attorney for you if you want one and cannot pay for one. If your motion for an out-of-time appeal is denied, you have the right to appeal that denial to this Court within thirty (30) days of the trial court's decision. See *Reese*, supra at 775.

The Clerk is directed to send a copy of this opinion to Zachery and to Zachery's appellate counsel with direction that she also send a copy of the opinion to Zachery.

*Appeal dismissed. Andrews, C. J., McMurray, P. J., Blackburn and Eldridge, JJ., concur. Pope, P. J., and Beasley, J., dissent.*

POPE, Presiding Judge, dissenting.

I do not agree with the majority that this case must be dismissed. Contrary to the majority's view, I think we should look at the entire notice of appeal, not just the recitation, in deciding whether it is sufficient to invoke this Court's jurisdiction. Viewing the notice from this vantage, we see that the notice contains both the lower court case number and the court which entered the judgment below. This information, combined with what we know from the record and the enumeration of errors, clearly discloses what judgment is being appealed, as well as the nature of the offenses and the sentence imposed. I would thus argue that this case is controlled by the Supreme Court's decision in *Brumby v. State*, 264 Ga. 215, 217 (2) (443 SE2d 613) (1994), and that dismissal is not required. And I would also argue that since the notice of appeal, record and enumeration of errors provide us with all we need to know to decide the merits of this appeal, we need not go through the useless exercise of having the defendant's attorney amend the notice of appeal simply to provide us with information we already have. The record and transcript appear to be complete, and briefs have been filed. All that

remains to be done is for us to decide this case on its merits — as we are both permitted and required to do.

BEASLEY, Judge, dissenting.

It is a terrible waste of judicial and legal resources, and an unnecessary delay, to dismiss this direct criminal appeal and thereby require trial court provision of an out-of-time appeal, when the deficiencies can easily be corrected by an amendment to the notice of appeal and the appeal can move expeditiously to final resolution. We are making more work for this Court as well as for the trial court, both as to judges and as to administrators and clerks, not to mention the parties, counsel, and custodians of defendant. The dismissal may also prompt the appointment of new appellate counsel for Zachery. True, the letter of the law will be enforced, but the spirit of the law will be ignored.

OCGA § 5-6-37, which current counsel apparently overlooked, requires the notice to contain:

(1) title and docket number of the case, which it has;

(2) name of the appellant and name and address of his attorney, which it has;

(3) a concise statement of the judgment, ruling, or order entitling the appellant to take an appeal, which it does not have;

(4) the court appealed to, which it has and which is the proper court because it is a direct appeal from convictions of robbery;

(5) a designation of those portions of the record to be omitted from the record on appeal, which it does not have and thus means nothing is to be omitted, as is standard in criminal appeals and which has been acknowledged by the trial court clerk, who sent the entire record and transcript;

(6) a concise statement as to why the appellate court appealed to has jurisdiction rather than the other appellate court, which it does not have but which is obvious;

(7) a brief statement of the offense and the punishment prescribed, which it does not have; and

(8) whether or not a transcript is to be transmitted, which it does not state but which transcript is included in the record on appeal, so that is moot.

Counsel was retained to pursue this appeal after defendant represented himself at the hearing on the motion for new trial, which was brought solely on the general grounds. It is clear from the order of the trial court denying the motion for new trial that defendant appeals from the conviction, and that the conviction is for six robberies and the sentence is twenty years imprisonment.

OCGA § 5-6-37 provides that the appeal shall not be dismissed "because of failure to include the jurisdictional statement or because

of a designation of the wrong appellate court."

In addition, OCGA § 5-6-48 (f) mandates: "Where it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing, what judgment or judgments were appealed from or what errors are sought to be asserted upon appeal, the appeal shall be considered in accordance therewith notwithstanding that the notice of appeal fails to specify definitely the judgment appealed from or that the enumeration of errors fails to enumerate clearly the errors sought to be reviewed." The two enumerations of error make abundantly clear that it is the judgment of conviction and sentence that are challenged.

*American Oil Co. v. McCluskey*, 116 Ga. App. 706, 708 (1) (158 SE2d 431) (1967), rev'd on other grounds, 224 Ga. 253 (161 SE2d 271) (1968), concluded that "nothing in the law prohibits the addition of such specification[s] of record [as required by the notice of appeal statute] by amendment" and allowed the notice of appeal to be perfected by amendment. Were that not allowed, the Supreme Court would have reversed the decision on *that* ground and not reached the merits when it considered the case.

Sixteen years later, after OCGA § 5-6-48 (d) had been enacted (Ga. L. 1972, p. 624, § 1), this Court in a unanimous whole court decision held that a notice of appeal could be amended to correct a defect. *Blackwell v. Cantrell*, 169 Ga. App. 795, 796 (1) (315 SE2d 29) (1984). That subsection of the Code provides in part: "If an error appears in the notice of appeal, the court shall allow the notice of appeal to be amended at any time prior to judgment to perfect the appeal so that the appellate court can and will pass upon the appeal and not dismiss it."

Appellant Zachery has not been alerted to the problem, as was the appellant in *Blackwell* by appellee's motion to dismiss. Nor have we given appellant an opportunity to correct the deficiency, which the record shows can easily be done. Nothing is missing insofar as the requisites are concerned; rather, several items just were not stated. The notice is timely, it was filed in the right court, the appeal is taken to the right court, and the judgment is directly appealable.

The majority reads too narrowly the opinion of the Supreme Court of Georgia in *Brumby v. State*, 264 Ga. 215, 217 (2) (443 SE2d 613) (1994), and the public policy expressed in OCGA § 5-6-48, the purpose of which statute is to be ameliorative. In *Brumby*, this court's dismissal of Brumby's appeal was reversed by the Supreme Court because we applied too hypertechnical a test which shut the door on a direct criminal appeal. The Supreme Court reviewed not only Brumby's notice of appeal but also the record itself. It stated that what was contained in the notice "considered in conjunction with even a cursory inspection of the record, would make clear the

judgment Brumby was appealing, as well as the offense and punishment indicated by that judgment." Id.

Here we need not even search the record. The enumeration of errors saves the day, as permitted expressly by OCGA § 5-6-48 (f). As stated by the Supreme Court in *Brumby*, that statute furthers "the policy of both appellate courts in Georgia to attempt to avoid dismissing appeals and to try to reach the merits of every case when it can be done consistent with the mandate of the law." (Citations and punctuation omitted.) Id. at 217-218.

The practice of permitting an out-of-time appeal will no doubt recycle this case back to this Court with the same issues as have already been briefed[1] and perhaps some new ones arising in the additional activity ordered. The out-of-time appeal is granted where a procedural deficiency involves the frustration of the right of appeal. *Rowland v. State*, 264 Ga. 872, 875 (2) (452 SE2d 756) (1995). The deficiency in this case, if it is not considered remedied by the examination called for in OCGA § 5-6-48 (f), can easily be rectified by an amendment to the notice of appeal, keeping the appeal on the track to finality expeditiously.

If there is any doubt what judgment of the trial court is appealed in this case, we should simply issue an order stating that if OCGA § 5-6-37 is not complied with by the filing of an amended notice of appeal in the trial court within ten days and prompt transmittal thereafter by the clerk (which it will be appellant's obligation to assure), the appeal will be dismissed.

That would serve the purpose of the procedural requirements of the Appellate Practice Act, which are to be "liberally construed so as to bring about a decision on the merits of every case appealed and to avoid dismissal of any case or refusal to consider any points raised therein, except as may be specifically referred to in this article." OCGA § 5-6-30. It would also serve the constitutional mandate for "speedy, efficient, and inexpensive resolution of disputes and prosecutions," which we cannot say applies only to the trial courts. Ga. Const. of 1983, Art. VI, Sec. IX, Par. I; see *St. Simons Island &c. Assn. v. Glynn County Bd. of Commrs.*, 205 Ga. App. 428 (422 SE2d 258) (1992) (applying mandate to appellate process).

Such a course would not weaken the rule of law or tolerate ineptness or negligence of counsel. Rare would be the attorney who through lack of care courted an opinion like either one in this case. There is still pride in professionalism. Total dismissal of the appeal is not strictly mandated in order to uphold the requirements of OCGA

---

[1] Appellee had no trouble identifying the judgment appealed, as demonstrated in its brief.

§ 5-6-37, particularly when it burdens the judicial system unnecessarily.

DECIDED JUNE 18, 1998 —
RECONSIDERATION DENIED JULY 17, 1998 —

*Marcia G. Shein*, for appellant.

*David McDade, District Attorney, Jeffrey L. Ballew, Assistant District Attorney*, for appellee.

Gray Brumby, amicus curiae.

