A01A1846. CODY v. COLDWELL BANKER REAL ESTATE CORPORATION et al.
(560 SE2d 275)

ANDREWS, Presiding Judge.

Channon R. Cody appeals from the trial court's order dismissing two appeals pursuant to OCGA § 5-6-48 (c) on the basis that she caused an unreasonable and inexcusable delay in the transmission of the record to this Court by failing to timely pay costs in the trial court. We find no abuse of discretion and affirm the trial court's dismissal of the first appeal. Because dismissal of the first appeal rendered this Court without jurisdiction to consider the second appeal, Cody's contentions as to the second dismissed appeal are dismissed as moot.

On August 23, 1999, Cody filed a timely notice of appeal from the trial court's grant of summary judgment in favor of Coldwell Banker Real Estate Corporation and David Evans on Cody's claim for return of an earnest money deposit. On the same day, Cody was notified pursuant to OCGA § 5-6-48 (c) of $246.50 in costs due in the trial court associated with the appeal. On September 8, 1999, Cody filed an affidavit of indigence which made the cursory assertion that, "[b]ecause of my indigence, I am unable to pay the $246.50 costs. . . ." A hearing was scheduled to consider Cody's assertion of indigence along with motions filed by Coldwell Banker and Evans for the award of attorney fees pursuant to OCGA § 9-15-14. Cody failed to appear at the hearing and produced no evidence in support of her claim of indigence. Her attorney, who appeared on her behalf, told the court he had spoken to Cody and that she was at work and had forgotten about the hearing because her life was in chaos. The attorney explained that he had no evidence to support the indigence claim because he was expecting Cody to bring supporting documents to the hearing. After the hearing, the trial court entered an order on February 4, 2000, granting the motions for attorney fees under OCGA § 9-15-14, concluding that Cody was not entitled to indigent status, and requiring Cody to pay the court costs. Cody filed a second notice of appeal on March 3, 2000, from the award of attorney fees, and on March 10, 2000, Cody was notified pursuant to OCGA § 5-6-48 (c) that unpaid court costs had increased from the $246.50 associated with the first appeal to $421 in light of her second appeal.

On April 5, 2000, Coldwell Banker moved for dismissal of Cody's appeals pursuant to OCGA § 5-6-48 (c) attaching an affidavit from

the clerk of the trial court showing that Cody had failed to pay the original $246.50 in costs billed in August 1999 and that no record had been transmitted to the appellate court because costs had not been paid. Two days later on April 7, 2000, Cody paid the $421 due as court costs for both appeals. On April 20, 2000, the trial court granted the motion to dismiss and dismissed both appeals pursuant to OCGA § 5-6-48 (c). The dismissal order was subsequently vacated by this Court on appeal in *Cody v. Coldwell Banker Real Estate Corp.*, 248 Ga. App. 180 (546 SE2d 299) (2001), because the order did not contain the court's findings pursuant to OCGA § 5-6-48 (c), and the case was remanded to the trial court for entry of a new order setting forth the necessary findings. The present appeal is from the trial court's new order entered on remand dismissing both appeals pursuant to OCGA § 5-6-48 (c).

Under OCGA § 5-6-48 (c), the trial court may order an appeal dismissed if

> there has been an unreasonable delay in the transmission of the record to the appellate court, and it is seen that the delay was inexcusable and was caused by the failure of a party to pay costs in the trial court or file an affidavit of indigence; provided, however, that no appeal shall be dismissed for failure to pay costs if costs are paid within 20 days (exclusive of Saturdays, Sundays, and legal holidays) of receipt by the appellant of notice, mailed by registered or certified mail or statutory overnight delivery, of the amount of costs.

The trial court exercises a legal discretion in deciding whether these elements exist, which we review for abuse. *Wood v. Notte,* 238 Ga. App. 748, 749 (519 SE2d 923) (1999).

We find no abuse of discretion in the trial court's dismissal of Cody's first appeal from the grant of summary judgment instituted by the notice of appeal filed on August 23, 1999. Cody received notice of $246.50 in costs associated with this appeal on August 23, 1999. Although Cody filed an affidavit of indigence on September 8, 1999, pursuant to OCGA § 5-6-48 (c), it provided only an unsupported, cursory statement of indigence, and Cody failed to appear at a subsequent hearing to address her indigence claim. We find no abuse of discretion in the trial court's rejection of the indigence claim in its order of February 4, 2000. *Saylors v. Emory Univ.*, 187 Ga. App. 460, 461 (370 SE2d 625) (1988). Having received notice that her indigence claim was rejected, Cody waited over 40 days (exclusive of Saturdays, Sundays, and legal holidays) after her indigence claim was rejected before paying the costs for this appeal on April 7, 2000. The trial

court did not abuse its discretion in determining that Cody's failure to timely pay the costs was inexcusable and caused an unreasonable delay in the transmission of the record to this Court. *Bouldin v. Parker*, 173 Ga. App. 526, 527 (327 SE2d 760) (1985) (delays of over 30 days are prima facie unreasonable and inexcusable).

The trial court also dismissed Cody's direct appeal from the award of attorney fees under OCGA § 9-15-14 instituted by notice of appeal filed on March 3, 2000. Cody was properly notified of court costs associated with this appeal on March 10, 2000, and she paid these costs on April 7, 2000. However, we need not decide whether the trial court abused its discretion in dismissing this appeal pursuant to OCGA § 5-6-48 (c). An appeal from the award of attorney fees under OCGA § 9-15-14 requires an application for appeal pursuant to OCGA § 5-6-35 (a) (10). A direct appeal is allowed only in those cases where the appellate court already has jurisdiction of a direct appeal in the underlying case. *Mitcham v. Blalock*, 268 Ga. 644, 646-647 (491 SE2d 782) (1997). Because we found that the trial court properly dismissed Cody's underlying direct appeal from the grant of summary judgment, we have no jurisdiction to consider Cody's direct appeal from the award of attorney fees under OCGA § 9-15-14. Accordingly, Cody's contentions as to the second dismissed appeal are dismissed as moot.

*Judgment affirmed in part and dismissed in part. Eldridge and Miller, JJ., concur.*

DECIDED JANUARY 30, 2002 —
RECONSIDERATION DENIED FEBRUARY 15, 2002 —

*Arthur F. Millard*, for appellant.
*King, Taylor & Stovall, James F. Stovall III, Weissman, Nowack, Curry & Wilco, Charles B. Waters, Jr.*, for appellees.