## A03A1725. QUARLES v. SADDLEBACK RIDGE CONDOMINIUMS ASSOCIATION et al.

### (597 SE2d 460)

MILLER, Judge.

Acting pro se, Imogene Quarles appeals from the trial court's order dismissing her appeal pursuant to OCGA § 5-6-48 (c) on the basis that she caused an unreasonable and inexcusable delay in filing the transcript of the proceedings below. We see no abuse of discretion in the trial court's dismissal and affirm.

Under OCGA § 5-6-48 (c), the trial court may dismiss an appeal where there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by the appellant. "In reviewing a finding of unreasonable and inexcusable delay in filing a transcript, this court will not disturb the lower court's finding absent an abuse of discretion." (Citation and punctuation omitted.) *Crown Diamond Co. v. N. Y. Diamond Corp.*, 242 Ga. App. 674, 675-676 (1) (530 SE2d 800) (2000). The trial court has very broad discretion in determining whether to dismiss an appeal due to delay. Id.

Quarles filed her notice of appeal on June 7, 2002. On July 3, Quarles moved for an extension to file the transcript of the proceedings, claiming delay by the court reporter. A presiding judge granted Quarles an extension until September 30. On July 24, Quarles paid the court reporter a deposit for the transcription. On September 26, Quarles filed a second motion for an extension of time to file the transcript again claiming delay by the court reporter. A second presiding judge granted an extension until October 31. On October 24, Quarles filed yet a third extension of time, again claiming that the court reporter needed more time to complete the transcript. A third presiding judge granted Quarles an extension until January 15, but subsequently vacated her order upon discovering that the trial judge's office had told Quarles to wait (a couple of hours) until the trial judge arrived so as to present the trial judge with the motion. The trial judge subsequently granted in part and denied in part Quarles' third request for an extension of time on the ground that any delay in filing the transcript was due to Quarles' failure to pay the court reporter the balance due (the transcript having been completed), and gave Quarles a final deadline of November 13 by which to have the transcript filed. Quarles did not pay the balance due the court reporter until 4:45 p.m. on November 13, and the court reporter made a copy and filed the transcript on November 20.

The defendants filed a motion to dismiss Quarles' appeal on the ground that Quarles repeatedly filed extensions of time and failed to have the transcript filed by November 13. At the hearing on the

defendant's motion to dismiss, the court reporter testified that she tried to contact Quarles by phone to inform her that there was still a balance due for her services. She stated that sometime in September, Quarles contacted her and she told Quarles that she needed two weeks to complete the transcript, and that there was still a balance due. On September 27, Quarles sent the court reporter a letter claiming that she had paid the entire balance due. The court reporter stopped preparing the transcript and so informed Quarles. She later completed the transcript and sent Quarles a letter, outlining how much had been paid and how much was due. When Quarles paid the balance at 4:45 p.m. on November 13, the court reporter at her first opportunity made a copy and filed the transcript on November 20.

The trial court found as fact that Quarles (1) was the cause of the delay in filing the transcript by failing to promptly pay the court reporter, (2) filed numerous extensions of time and misrepresented to the court that such extensions were necessary because the transcript had not been prepared, and (3) sought the third extension of time from a presiding judge in direct contravention of the direction to return later in the day to present the motion to the trial judge. The trial judge ruled that Quarles' delay in filing the transcript was unreasonable and inexcusable, and dismissed her appeal pursuant to OCGA § 5-6-48 (c).

After reviewing the record and the transcript of the hearing, we conclude that there was no abuse of discretion in the trial court's determination. The evidence showed (1) that although the transcript was completed sometime in late September or early October, Quarles failed to have it filed by November 13 as ordered by the court, (2) that the delay was due to Quarles' own failure to timely pay the court reporter, and (3) that the delay was inexcusable as Quarles sought the third extension of time on the ground that the court reporter needed more time to prepare the transcript, accepting no responsibility for, and making no mention of, her own failure to pay the court reporter the balance due. The trial court did not abuse its discretion in dismissing Quarles' appeal. See *American Nat. Property & Cas. Co. v. Potts*, 243 Ga. App. 645, 648 (534 SE2d 123) (2000); cf. *Cody v. Coldwell Banker Real Estate Corp.*, 253 Ga. App. 752, 753-754 (560 SE2d 275) (2002).

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED MARCH 8, 2004 —
RECONSIDERATION DENIED MARCH 24, 2004 —

Imogene L. Quarles, *pro se.*

*Gambrell & Stolz, Jennifer G. Cooper, Jessica A. Ryan*, for appellees.