## A04A1166. FITZPATRICK v. THE STATE.
(605 SE2d 420)

ADAMS, Judge.

Regence Fitzpatrick was convicted of shoplifting on December 13, 2000. Fitzpatrick filed a timely motion for new trial, which was denied on May 16, 2002. Fitzpatrick, who is indigent, then filed a notice of appeal on May 22, 2002, and requested that nothing be omitted from the record. When, after 19 months, Fitzpatrick failed to file a transcript, the state filed a motion to dismiss Fitzpatrick's notice of appeal on December 29, 2003. In response to the motion, Fitzpatrick's public defender asserted that the court reporter failed to respond to his attempts to obtain the transcript. The trial court granted the state's motion and Fitzpatrick appeals.

"A trial court may dismiss an appeal for failure to file a transcript only if it determines 'after notice and opportunity for hearing,' that 'there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by (the appealing) party.' OCGA § 5-6-48 (c)." (Punctuation and footnote omitted.) *Johnson v. State*, 259 Ga. App. 452 (1) (576 SE2d 911) (2003). This Court will not disturb the lower court's finding on such a motion to dismiss absent an abuse of discretion. *Quarles v. Saddleback Ridge Condos. Assn.*, 266 Ga. App. 467 (597 SE2d 460) (2004).

Here, although the trial court determined that there had been an unreasonable delay in the filing of the transcript, the court made no specific finding as to whether the delay in filing a transcript was inexcusable or was caused by Fitzpatrick as required under OCGA § 5-6-48 (c). As our Supreme Court has noted, the requirements set out in OCGA § 5-6-48 further "the policy of both appellate courts in Georgia to attempt to avoid dismissing appeals and to try to reach the merits of every case when it can be done consistent with the mandate of the law." (Citations and punctuation omitted.) *Brumby v. State*, 264 Ga. 215, 218 (2) (443 SE2d 613) (1994). Because it failed to make the findings required under the statute, the trial court erred in dismissing Fitzpatrick's appeal. Id. at 216-217 (1).

*Judgment reversed. Ruffin, P. J., and Eldridge, J., concur.*

DECIDED OCTOBER 1, 2004.

*Nicholas E. White*, for appellant.
*Alan R. Tawse, Jr., Solicitor-General, Arthur J. Creque, Assistant Solicitor-General*, for appellee.