# Court of Appeals
# of the State of Georgia

ATLANTA,  April 18, 2024

*The Court of Appeals hereby passes the following order:*

**A24A1147. YVONNE WILLIAMS v. TEP RAGAN, LLC, et al.**

The magistrate court issued a dispossessory judgment in favor of TEP Ragan, LLC and against Yvonne Williams. Williams filed an appeal to state court but on November 30, 2023, the state court dismissed Williams's appeal for failure to pay rent into the court registry. On February 7, 2023, Williams filed an affidavit stating that the state court had failed to inform her of the dismissal order and stating that she was now seeking to appeal the dismissal. The state court treated the affidavit as a notice of appeal, and it then forwarded the case to this Court for docketing. We lack jurisdiction for several reasons.

First, the affidavit does not appear to constitute a notice of appeal, as it does not satisfy the requirements of OCGA §5-6-37. And in the absence of a notice appeal that complies with the statute, this Court is without jurisdiction to consider an order entered by an inferior tribunal. See *Bish v. State*, 232 Ga. App. 121, 121 (501 SE2d 283) (1998).

Moreover, to the extent Williams's affidavit could be construed as a notice of appeal, it would nevertheless be insufficient to provide us with jurisdiction. An appeal from a state court order disposing of a de novo appeal from a magistrate court decision must be initiated by filing an application for discretionary review. OCGA § 5-6-35 (a) (11), (b); *Strachan v. Meritor Mtg. Corp. East*, 216 Ga. App. 82, 82 (453 SE2d 119) (1995). Compliance with the discretionary appeals procedure is jurisdictional. *Hair Restoration Specialists v. State of Georgia*, 360 Ga. App. 901, 903 (862 SE2d 564) (2021) (failure to comply with the discretionary appeal procedure, where applicable, requires

dismissal of the appeal for lack of jurisdiction). Thus, Williams's failure to follow the proper procedure deprives us of jurisdiction over this appeal.

Finally, even if a direct appeal were proper in this case, and assuming that her affidavit constitutes a notice of appeal, that appeal is untimely. A notice of appeal must be filed within 30 days of entry of the judgment or trial court order sought to be appealed. OCGA § 5-6-38 (a). "The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon an appellate court." *Perlman v. Perlman*, 318 Ga. App. 731, 739 (734 SE2d 560) (2012) (punctuation omitted). Williams's affidavit, however, was filed 69 days after entry of the trial court's order.

For each of the reasons set forth above, we lack jurisdiction to consider this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  04/18/2024*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*