# Court of Appeals
# of the State of Georgia

ATLANTA,  May 29, 2025

*The Court of Appeals hereby passes the following order:*

**A25A1294, A25A1361.  CASTLEBERRY v. THE STATE (two cases).**

Following a jury trial, Demitra Castleberry was convicted of violating a family violence order on June 15, 2022. She filed a timely pro se motion for new trial, and the trial court subsequently appointed Bethany Lavigno to represent Castleberry, who is indigent. Lavigno, on Castleberry's behalf, then filed an amended and second amended motion for new trial. The trial court denied the motion for new trial on October 13, 2023. Lavigno then filed a notice of appeal on Castleberry's behalf on October 17, 2023 (the "2023 NOA"). The 2023 NOA was docketed in this Court as Case No. A25A1294.

Meanwhile, on December 5, 2024, the trial court conducted a hearing at which Lavigno was present, but Castleberry was not. At the hearing, the trial court stated that "the current issue today is that she did file a transcript but it was filed under the wrong number." Lavigno maintained that she had been unable to get in touch with Castleberry and "was trying to" withdraw from representing Castleberry, but Lavigno had not yet filed a motion to withdraw as counsel. The trial court indicated that it would issue an order filing the transcript in the correct case number, but "since [Castleberry] is not here to answer this calendar, I am going to also just dismiss the appeal." On December 19, 2024, the trial court dismissed the 2023 NOA pursuant to OCGA § 5-6-48 (c), finding that "there has been an unreasonable delay in the transmission of the record to the appellate court and that such delay is inexcusable and caused by the failure of [Castleberry] to file the transcript." Castleberry filed a pro se notice of appeal on January 19, 2025, which was docketed in this Court as Case No.

A25A1361.

A trial court may dismiss an appeal for failure to file a transcript only if it determines after notice and opportunity for hearing, that there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by the appealing party. OCGA § 5-6-48 (c). This Court will not disturb the lower court's finding on such a motion to dismiss absent an abuse of discretion.

*Fitzpatrick v. State*, 269 Ga. App. 825, 825 (605 SE2d 420) (2004) (citations and punctuation omitted).

Here, the trial court acknowledged that the transcript had been filed, but filed under the wrong case number. The court further indicated that it was dismissing the appeal for Castleberry's failure to personally attend the hearing, even though no such requirement appears in OCGA § 5-6-48 and she was represented by Lavigno at the time of the hearing. Indeed, neither the record in Case No. A25A1294 nor A25A1361 shows that Castleberry received notice of the hearing date.

Our Supreme Court has noted that the requirements set out in OCGA § 5-6-48 further "the policy of both appellate courts in Georgia to attempt to avoid dismissing appeals and to try to reach the merits of every case when it can be done consistent with the mandate of the law." *Brumby v. State*, 264 Ga. 215, 217-218 (2) (443 SE2d 613) (1994) (citation and punctuation omitted). Because the record here demonstrates that the transcript was in fact filed in the lower court and transmitted to this Court as part of Castleberry's direct appeal of her conviction, and given that the trial court based its order in part on Castleberry's failure to appear at the hearing, the trial court erred in dismissing Castleberry's appeal.

Accordingly, the trial court's judgment in Case No. A25A1361 is hereby REVERSED.

In Case No. A25A1294, Lavigno filed a motion to withdraw as counsel in this

Court. This motion fails to comport with Court of Appeals Rule 9 (d) (2), which requires that the motion be served on the opposing party. Moreover, "[a]n indigent defendant is entitled to have counsel appointed to represent [her] on the first level of appellate review." *Chapman v. State*, 183 Ga. App. 376, 377 (359 SE2d 14) (1987). "However, when an indigent criminal defendant elects to waive the right to counsel and represent himself during post-conviction proceedings, the record should reflect a finding on the part of the trial court that the defendant has validly chosen to proceed pro se." *Weber v. State*, 203 Ga. App. 356, 357 (416 SE2d 868) (1992) (citations, punctuation and emphasis omitted), disapproved in part on other grounds by *Allen v. Daker*, 311 Ga. 485, 498 (2) (a) n. 11 (858 SE2d 731) (2021).

Accordingly, Lavigno's motion to withdraw as counsel in Case No. A25A1294 is hereby DENIED and the case is REMANDED to the trial court for a hearing on whether Castleberry wishes to represent herself on appeal or whether new appellant counsel should be appointed.[1] Following the hearing, Castleberry may file a notice of appeal within thirty (30) days of the trial court's order on the appointment of counsel. No filing fee for this renewed notice of appeal will be required.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,___05/29/2025_____*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[1] The State's motions to dismiss the appeals in Case Nos. A24A1294 and A25A1361 are DENIED as MOOT.